34386. PATE *v.* TAYLOR CHEMICAL COMPANY *et al.*

WORRILL, J. 1. "An action is the judicial means of enforcing a right." Code § 3-101. While justice courts have jurisdiction with respect to certain matters in the administration of criminal law, such courts do not have jurisdiction in *criminal actions* as the word is defined in the Code section quoted above. See, in this connection, *Ormond* v. *Ball*, 120 *Ga.* 916 (48 S. E. 383), and the excellent discussion therein by Judge Cobb relating to the powers of a justice court with respect to criminal matters.

2. It follows that, where the act creating the Municipal Court of Augusta provides that "The criminal jurisdiction of the said Municipal Court shall not exceed the jurisdiction now or hereafter vested by law in the justice courts of this State, but such jurisdiction shall extend over the entire County of Richmond" (Ga. L. 1951, p. 3345, Part One, par. 2, p. 3346), such Municipal Court of Augusta was not thereby given jurisdiction of criminal actions, though it may have jurisdiction with respect to certain matters in connection with the administration of criminal law.

3. Consequently, the Municipal Court of Augusta does not have jurisdiction under the provisions of the Code, Ann. Supp., Chapter 68-8, to try an action against a nonresident defendant upon whom service was perfected by serving the Secretary of State as provided in that Chapter (Code, Ann. Supp., § 68-803), where the jurisdiction to try such an action is vested in "the courts in said counties having jurisdiction of tort and criminal actions," and the judge of that court did not err in sustaining the plea to the jurisdiction and in dismissing the action.

*Judgment affirmed. Sutton, C. J., and Felton, J., concur.*

DECIDED MAY 2, 1953.

*Fulcher, Fulcher & Hagler, George W. Fryhofer*, for plaintiff in error.

*Heard Robinson, Hull, Willingham, Towill & Norman*, contra.