39330. HOLE v. DUNCAN.

DECIDED APRIL 9, 1962.

726

*Henry N. Payton,* for plaintiff in error.

*Sanders & Mottola,* contra.

BELL, Judge. The sole question presented for our determination on this appeal arises under the Nonresident Motorists Act. As conceded by counsel in their briefs, the issue is whether the City Court of Newnan has jurisdiction over the subject matter of the suit and over the person of the defendant.

■ The record reveals the *mechanics* of the service of the process to be within the requirements of the Nonresident Motorists Statute (Ga. L. 1937, pp. 732, 735, as amended) as approved by this court in the case of *Mull v. Taylor,* 68 Ga. App. 663 (23 SE2d 595) and as authorized by the act establishing the City Court of Newnan (Ga. L. 1887, pp. 692-704, as amended). It naturally follows, then, that jurisdiction over the *person* is secure if the combination of the Nonresident Motorists Act and the statute creating the City Court of Newnan, both as amended, confers jurisdiction over the subject matter.

■ The defendant insists that to accord the authority to the City Court of Newnan to perfect its service of process upon the Secretary of State whose offices are located at the State Capitol

in Fulton County, would be conferring extra-territorial jurisdiction on the court as the statute creating it restricted its territorial jurisdiction to Coweta County.

The act establishing the City Court of Newnan (Ga. L. 1887, pp. 692-704, § 24), provides that ". . . any process of said court *to be served in any other county than Coweta* shall be served by the same officers of the county of service as may serve Superior Court process, and *parties out of the State may be served* as in the Superior Court." (Emphasis added.) This language clearly conveys to us that it was not the intent of the General Assembly to limit territorially to Coweta County the process of this city court, but on the contrary, to empower its arm to extend to all areas on a basis equal to the superior court in all actions or matters properly before it.

■ Counsel for defendant vigorously urges that § 3 of the original act (Ga. L. 1937, pp. 732-735) which requires as a condition precedent to jurisdiction of cases arising under the Nonresident Motorists Act that a court have ". . . jurisdiction of tort actions and criminal actions. . ." remains the law of the State despite the deletion of the words "and criminal actions" from the section as purportedly amended by the acts of 1955 and of 1959. Ga. L. 1955, Vol. 1, pp. 650-651; 1959, Vol. 1, pp. 120-122 (*Code Ann.* § 68-803).

We do not rule upon this contention, as it necessarily presents a constitutional question as to the proper enactment of the amending statutes which was not raised in the court below and cannot be raised in this court.

For the determination of this case the question is immaterial in any event as the City Court of Newnan has jurisdiction over tort and criminal cases.

As amended in 1889, § 1 of the act creating the City Court of Newnan was changed to read as follows: " . . . It is hereby enacted by the General Assembly of Georgia, that the City Court of Newnan is hereby established and created with original civil and criminal jurisdiction over the whole county of Coweta, concurrent with the Superior Court, to try and dispose of all civil cases of whatsoever nature wherein the amount claimed or involved, including interest, is as much as one hundred dollars,

except those of which the Constitution of this State has given the Superior Court exclusive jurisdiction, and with criminal jurisdiction to try and dispose of all offenses below the grade of felony committed in the County of Coweta; that the jurisdiction herein conferred shall include not only the ordinary suits by petition and process, but also all other kinds of suits and proceedings which now, or hereafter may be in use in the Superior Courts, either under the common law or by statute, including, among others, attachment and garnishment proceedings, illegalities, counter affidavits to any proceeding from said court, statutory awards, proceedings against intruders and tenants holding over, partition of personalty, issues upon distress warrants, foreclosures of all liens and mortgages and quo warranto." Ga. L. 1889, pp. 1163-1168.

The case of *Pate v. Taylor Chemical Co.*, 88 Ga. App. 127 (76 SE2d 131) could not be authority to support the view that the City Court of Newnan had no criminal jurisdiction, for all the *Pate* case held was that the Municipal Court of Augusta merely had jurisdiction with respect to certain matters in the *administration* of criminal laws but did not have jurisdiction in criminal *actions*.

*Judgment affirmed. Felton, C. J., and Hall, J., concur.*