No. 47.—CHARLES F. PRESTON, plaintiff in error, *vs.* WILLIAM H. CLARK, defendant in error.

[1.] When a judgment has been rendered by a Court having *jurisdiction* of the *subject matter*, and the *party* against whom it was rendered, such judgment is not void, although the Court rendering it may have erred as to the law, there being no appeal therefrom on account of such error in law, or other irregularity in obtaining such judgment.

Assumpsit, &c. in Chatham Superior Court. Tried before Judge H. R. JACKSON, May Term, 1850.

This was a suit by W. H. Clark against C. F. Preston upon a promissory note for $363 80 To this suit, Preston pleaded a total failure of consideration in this—that the note was given in consideration of the transfer of a judgment in Camden Inferior

Court, against one James W. Preston, which was alleged to be void.

It appeared on the trial, that the judgment transferred was rendered in a suit brought by Clark against John H. Dilworth, as drawer, and James W. Preston, as acceptor of a bill of exchange, to which suit each entered pleas; that a verdict was found against James W. Preston, and a discontinuance entered as to John H. Dilworth, on this verdict. Judgment was entered against Preston.

The defendant below proposed to prove, that on a motion to distribute the proceeds of the sale of the property of James W. Preston, in Chatham Superior Court, the said judgment, after argument heard, was, by the presiding Judge, declared void, and not entitled to any participation in the fund—the present plaintiff, W. H. Clark, not having been a party to that motion.

The evidence was excluded by the Court, and this decision was excepted to by defendant.

The Court charged the Jury, that if the judgment was void, it would not sustain the plea of *total* failure of consideration—the original cause of action passing under the assignment—and that the judgment was *not void,* but valid.

To this decision and charge, defendant below excepted. Other exceptions were filed, but were not considered or decided by the Supreme Court.

BARTOW and WILLIAMS, for plaintiff in error.

HARDEN and LAWTON, for defendant.

*By the Court.*—WARNER, J. delivering the opinion.

[1.] The main question in this cause is, whether the judgment rendered against James W. Preston, in Camden Inferior Court, was a valid or a void judgment at the time the note sued on was executed. If it was a *void* judgment, then there was a total failure of the consideration for which the note was given; but if it was a valid subsisting judgment against James W. Preston,

then the consideration for which the note was given has not failed.

The original suit was instituted by Clark against John H. Dilworth, as the drawer of a bill of exchange, and James W. Preston, as the acceptor, according to the provisions of the Act of 1826. On the trial of the cause, there was a *discontinuance*, as to Dilworth, by the plaintiff, and a verdict was found against Preston, on which judgment was entered. The argument for the plaintiff in error is, that the discontinuance of the suit, as to Dilworth, was also a discontinuance as to Preston—they being sued *jointly* under the Statute; that the entering up of the judgment on the verdict found against J. W. Preston alone, necessarily makes the judgment *void*, and many authorities have been cited to show that the judgment was *irregularly* rendered by the Court. Whether we should have felt it to have been our duty to have reversed that judgment for *irregularity*, had it been before us on a writ of error, is not now the question—that judgment was rendered by a Court of competent jurisdiction, having jurisdiction of the party and the subject matter of the suit. In *Bostwick vs. Perkins, Hopkins & White*, this Court held, that where the Court, in which the judgment is rendered, has no jurisdiction either of the person or the subject matter of the suit, then the whole proceeding is void and a nullity; but where the Court has jurisdiction, both of the *person* and the *subject matter* of the suit, although it may err in its opinion of the law, yet, such judgment is conclusive upon the parties to it when there is no appeal. 4 *Georgia Rep.* 49.

The Inferior Court of Camden County had jurisdiction of the subject matter of the suit, and also had jurisdiction of the person of James W. Preston, and notwithstanding that Court may have erred in its judgment as to the law in rendering a judgment against him, after a discontinuance by the plaintiff, as to Dilworth, still there was no appeal from that judgment, and it must be declared a valid judgment against James W. Preston, and, therefore, the consideration for which the note was given has not failed.

Let the judgment of the Court below be affirmed.