## 23494.  ARNOLD v. DARBY.

STEPHENS, J.  1. Where a petition in a suit to recover on a note against one of its makers, who executed it ostensibly as a surety, his signature being upon the back of the note, was brought in two counts, in one of which the defendant was sued as a surety and in the other of which he was sued as a principal, and the defendant admitted that he was a surety upon the note, and thereby admitted a prima facie case under the first count of the petition, and denied that he had executed the note as principal, and where, in answer to the first count of the petition, he pleaded, as a discharge of himself as surety, a release by the plaintiff of one of the principals, and also, as a discharge of himself from liability as a surety, the failure of the plaintiff to institute suit upon the note within three months after the receipt by him of notice from the defendant, as provided in section 3546 of the Civil Code of 1910, to proceed to collect the note out of the principals, the burden of proof as to the first count of the petition was on the defendant to establish by a preponderance of the evidence either of the two defenses interposed, but as to the second count of the petition, since it appeared that the defendant executed the note ostensibly as a surety by his name being signed upon the back of the note, the burden was upon the plaintiff to establish by a preponderance of the evidence the execution of the note by the defendant as principal.

2. It is not error to fail to instruct the jury as to where the burden of proof lies where no special request so to charge is made.  Although the court instructed the jury that the burden of proof rested upon the defendant to establish the specific defenses interposed in count 1 of the petition, the court did not err, in the absence of a special request therefor, in failing to charge that under the second count of the petition the burden of proof rested upon the plaintiff to show that the defendant executed the note as principal.

3. Where one of several makers of a note places his signature upon its back, he is prima facie a surety; and in a suit to recover against him as principal the burden is upon the plaintiff to establish the defendant's relationship to the note as being that of a principal.  Where the evidence does not demand the inference that the defendant executed the

note as a principal, it was error prejudicial and harmful to the defendant, for the court to charge the jury "That the place where a man's name is written on a paper is not proof of the character in which he signed it," and that "a maker may sign on the back, as well as at the bottom of a note." This charge was error in that it was an instruction to the jury that the fact that the defendant's name was written upon the back of the note was not evidence of the fact that he executed the note as a surety. This error in the charge requires the grant of a new trial to the defendant.

4. The notice by a surety to the holder of a note, to proceed against the principal (in default of which within three months from the receipt of the notice the surety would be discharged as provided in section 3546 of the Civil Code of 1910) is not given merely by its deposit in the mail when properly stamped and addressed. Although the posting of a letter when properly stamped and addressed is, in the absence of evidence that the addressee had failed to receive it, sufficient to establish prima facie that the addressee received the letter, its evidentiary effect is conclusively rebutted and destroyed where it appears, without dispute, from the testimony of the addressee that he failed to receive the letter. A charge that the presumption from the posting of a notice to sue, when properly stamped and addressed, that the addressee received the notice, may be rebutted by proof that the addressee did not receive the notice, is not error upon the ground that the presumption that the addressee received the notice is conclusive, and the addressee can not then deny its receipt.

5. A letter from the payee of the note to one of the principals, requesting that the recipient of the letter send to the writer a copy of a letter which the writer had written to the recipient some time before "in regard to notes which were returned to you," has no probative value whatever as tending to show that the person to whom the letter was addressed was a principal on the note sued on, and that the consideration of the note went to his benefit, and that therefore the defendant was not a surety.

6. An agreement by a payee to release a principal from the latter's obligation on a note, is not effective as a release of the principal unless it amounts to a contractual obligation by virtue of its being supported by a valid consideration. *Williams-Thompson Co.* v. *Williams*, 10 *Ga. App.* 251 (73 S. E. 409). Where the payee of a note assumes, whether correctly or erroneously, that one of the principal makers of the note is for some reason not liable on the note, and fails and refuses to press this principal for payment, while insisting on payment from the other makers of the note, and there is no consideration for the payee's forbearance, there is no valid contract releasing the principal from his obligation on the note, and the payee's conduct is not such as by operation of law operates to release the principal. It not appearing from the evidence that there was any consideration for an agreement with the plaintiff to refrain from collecting the note out of one of the principals, or to release the principal, and the conduct of the plaintiff, in refraining from collecting out of the principal, not constituting a release of the principal, the evidence was not sufficient to authorize the inference that

the principal had been released from his obligation, or to authorize the finding by the jury that the defendant had been discharged from his obligation, whether the obligation was that of a surety or of a principal.

7. The court erred in overruling the defendant's motion for a new trial.

*Judgment reversed. Jenkins, P. J., and Sutton, J., concur.*

DECIDED SEPTEMBER 25, 1934.

*Gilbert E. Johnson, James W. Arnold,* for plaintiff in error. *B. P. Jackson, Kennedy & McWhorter,* contra.