## McAteer et ux. v. Hayward

*John Y. Mace*, for plaintiffs.

*John E. Walsh, Jr.*, for defendant.

LEWIS, J., September 29, 1939.—The rules before us in these consolidated cases are to show cause why service of writs of summons in trespass should not be stricken off, and in one case, no. 2397, to show cause why judgment entered for want of an appearance should not be stricken off for defective service of the summons.

The proceedings are motor vehicle accident cases; defendant's address as stated on the original writs was League Island Navy Yard, a property of the United States Government in Philadelphia. After returns of "nihil habet", alias writs were issued giving defendant's then address as "In care of Major Lloyd, Fort Washington,

Maryland." The Sheriff of Dauphin County was thereupon deputized to serve the alias writs, and he made service on the Secretary of Revenue of the Commonwealth, in the manner required by the Act of May 14, 1929, P. L. 1721, and apparently delivered to the post office envelopes containing copies of the writs intended for defendant himself. One of the usual printed forms of return of service was then filled out, signed by the sheriff and deputy sheriff, and sworn to under date of August 2, 1932. This form of return was attached to each of the alias writs and purports to include a return of service on defendant, but the return form does not indicate to what address the registered letter intended for defendant was sent, the return merely reading, "Addressed to Richard W. Hayward . . . the last known address." Six days later, on August 8, 1932, the Sheriff of Dauphin County made a further return in typewriting on the back of each of the alias writs to this effect: "that the registered letter of the within proceeding on Richard W. Hayward was not served as will show on returned registered letter attached." No returned registered letter was attached to either of the alias writs. So that examining the returns of the sheriff, we find that nowhere does it appear to what address the sheriff sent the letters containing copies of the writs intended for defendant; that no return registry receipt was apparently received, and certainly none was attached to either writ. What evidently happened is that the envelopes addressed to defendant by registered mail were returned undelivered, and hence the sheriff at no time received a receipt card.

It is, of course, elementary that the judgment entered in one of the cases for want of an appearance must be inoperative if the asserted jurisdiction arises through defective service of the writs.

The Act of May 14, 1929, P. L. 1721, as amended by the Act of April 24, 1931, P. L. 50, provides in section 2 for service of process in motor vehicle cases upon nonresident defendants or upon residents who subsequently become

nonresidents or who conceal their whereabouts, and requires for such service to be effective not only service upon the Secretary of Revenue of the Commonwealth, but also "by sending to the defendant, by registered mail, postage prepaid," a copy, with an endorsement of the service upon the Secretary of the Revenue, "addressed to such defendant at his last known address", and the registered mail return receipt of such defendant is required to be attached to and made a part of the return.

The statute does not provide alternative methods of service, but only a single method, which to be complete must conform to the explicit requirements of the statute or a reasonable interpretation of it in the event of ambiguity. The validity of service of process cannot be presumed from a showing that defendant has received actual notice of the action, although the general trend of decisions is toward sustaining the validity of service "if there is a reasonable probability that the requirements of the statute were complied with and that the defendant received actual notice": Wax v. Van Marter, 124 Pa. Superior Ct. 573, 577.

Plaintiff does not urge that the Sheriff of Dauphin County made any attempt at service other than as indicated in his returns, and we have to determine whether those returns show a reasonable probability that the requirements of the statute were complied with. These requirements include sending a true and attested copy of the writ to defendant by registered mail addressed to such defendant at his last known address. The original and "further" returns of the sheriff indicate that a copy of each writ was sent to defendant by registered mail directed to his last known address, and that the mail was returned undelivered.

That merely directing a registered letter to defendant is not service, where the letter is not delivered, requires no inquiry beyond the sentence in the statute which provides for sending a copy by registered mail, for this sentence requires that "The registered mail return receipt

of such defendant shall be attached to and made a part of the return of service of such process." Clearly no return receipt "of such defendant" can be attached to the return of service if the registered letter by means of which service is attempted is not only not delivered but is returned as undeliverable, and without doubt the return of the sheriff should show to what address the mail was directed.

It is impossible under any reasonable construction of the Act of 1929, supra, as amended, to accord validity to service made in accordance with the returns of the writs in these cases.

The rule to show cause why the judgment should not be stricken off in no. 2397 should be made absolute, the only defect in the judgment averred being defective service of process apparent from the record. In each case rule absolute, and service of the writ stricken off.