29584. MULL *et al.* v. TAYLOR.

DECIDED DECEMBER 4, 1942. REHEARING DENIED DECEMBER 18, 1942.

*E. H. McMahan, Price & Poag, E. D. Kenyon,* for plaintiffs in error. *Boyd Sloan, Sam S. Harben,* contra.

STEPHENS, P. J.  W. O. Taylor brought suit to recover damages for injuries alleged to have been sustained by him on account of the negligent operation of an automobile. The suit was brought against W. L. Mull, a resident of Brevard, North Carolina, as the owner of the automobile causing the injuries, and against Miss Clara M. McKee of Greenville, South Carolina, as the person operating the automobile. The petition alleged that the collision causing the injuries occurred in Hall County, Georgia. The plaintiff prayed that process issue requiring the defendants to be and appear at the next term of court to answer the complaint, and for judgment; "that process do issue in terms of the law and that said process together with a copy of this petition be served upon the Secretary of State of Georgia as is provided by the Georgia Laws of 1937, pages 732-735." Attached to the petition was the writ of process issued by the clerk of the court and which was addressed to the defendants, naming them, and which required that the defendants "personally or by attorney" appear at the next superior court. The process was dated September 11, 1941, and the suit was filed on that day. The process directed that the defendants appear and answer the complaint on the first Monday in November, 1941.

There was no appearance by the defendants in person or by attorney at the November term 1941. At such term the plaintiff filed "his petition for perfection of service in said cause," in which he made the following allegations: The defendants are non-residents of Georgia and under the act of 1937, pages 732-735, they are subject to the jurisdiction of this court. Pursuant to this act the plaintiff on September 15, 1941, caused to be sent by registered mail, return receipt requested, deliver to addressee only,

copies of the original petition together with process and with notice, to the defendants at their respective addresses. The registered letter containing the notice, petition, and process mailed to the defendant Mull, was, on September 18, 1941, returned to the plaintiff through due course of mail, marked "returned to writer" and "refused by addressee;" the envelope containing such entries being attached to the petition. The registered letter containing the notice, petition, and process mailed to Miss Clara M. McKee was, on September 29, 1941, returned to the plaintiff through due course of mail, marked "returned to writer," and "refused by addressee;" the envelope containing such entries being attached to the petition. On September 20, 1941, the plaintiff sent a copy of the original petition and process to Hon. John B. Wilson, Secretary of State, requesting him to send such petition and process by registered mail to the defendant Mull, and on September 24, 1941, the plaintiff was notified by the Secretary of State that the registered letter sent by him had been returned to his office marked "refused." On October 8, 1941, the plaintiff sent to the Secretary of State a copy of the original petition and process, requesting that they be sent by registered mail to Miss Clara M. McKee, and on October 11, 1941, the plaintiff was notified by the Secretary of State that the registered letter had been sent to this defendant and returned to his office on October 10, 1941, marked "refused." The sending of such registered letters to the defendants, both by the plaintiff through his counsel and by the Secretary of State, was in full compliance with the laws of this State, although the defendants refused to accept the registered letters from the Post Office Department. The law as contained in the act of 1937 has been fully complied with by the plaintiff, and both of the defendants and each of them have been served according to such act. The plaintiff prayed that an order be passed declaring service to have been perfected as provided by law, and declaring that the plaintiff had complied with the law in every respect, and that the defendants had been fully served with a copy of the petition and process as provided by law.

Attached to the petition are copies of the notices referred to therein. The notice to the defendant Mull and the one to the defendant McKee are in substance identical. These notify the respective defendants of the pendency of the suit in Hall superior court, de-

scribe the suit, and also notify them that process and a copy of the suit have been filed with the Secretary of State as required by the act of 1937. The notice states that the defendants are required to be and appear at the November term 1941 of the court, to wit, on November 3, 1941. Also attached to the petition are copies of the envelopes referred to, containing the notations by the mail carrier or post-office officials referred to in the petition.

On the petition the judge entered the following order: "The within and foregoing petition has been read and considered, and after due and proper examination by the court it is considered, ordered and adjudged by the court that service has been perfected upon the defendants, W. L. Mull and Miss Clara M. McKee, as is provided by the law, and that plaintiff has fully complied with the laws of Georgia as contained in Georgia Laws, 1937, pages 732-735, in so far as service of copy of petition and process in this case is concerned; and it is further ordered that each of said defendants have been duly notified in terms of law to be and appear at this, the November, 1941, term of this court to answer plaintiff's complaint. This........day of November, 1941."

By an amendment to the petition made January 22, 1942, the plaintiff alleged that the defendant Miss McKee at the time of the collision was operating the automobile of the defendant Mull as his agent and servant; that Mull was riding in the automobile and it was being operated under his direction; and that the acts of negligence set out in the original petition were committed by such defendants jointly.

At the January term, 1942, the case came on for trial. The plaintiff introduced evidence tending to support the allegations of the petition and the jury rendered a verdict against the defendants for $5000 and costs. On January 30, 1942, the defendants filed a motion for new trial based on the general grounds.

On February 6, 1942, the defendants filed their "motion to quash service and vacate entry of default," in which they alleged that they had no notice that the suit had been marked in default on November 7, 1941, and that they had no notice that any suit had been filed against them until January 30, 1942. They alleged that there was no service on them through the Secretary of State as required by the act of 1937, and that therefore the court had no jurisdiction of them at the time the verdict and judgment in the case were

rendered. On the same day the defendants filed their "motion in arrest of judgment," in which they set up that the service on them was improper, and that the judgment against them had been rendered without service; that the court did not have jurisdiction of them, and that there had been no compliance with the act of 1937; that the process attached to the petition was not directed to any officer authorized to serve such process on the Secretary of State of Georgia as the agent of these defendants, and that therefore there was no valid service of the process on the Secretary of State as their agent.

The plaintiff responded to the motion in arrest of judgment and set up that there had been a proper compliance with the act of 1937, also, that while the defendants had refused the registered letters sent to them they had been given notice by plaintiff's counsel before the trial on January 21, 1942, in time for both defendants to have attended the court and defended the case.

The defendants filed an amendment to their motion for new trial. In ground 1 of this amendment they alleged that the verdict for $5000 was excessive and exorbitant, and clearly indicated that the jury acted through mistake, or were actuated by prejudice or bias to such an extent that the defendants were deprived of a fair and impartial trial. In the next ground movants alleged that H. E. Reed, one of the jurors who had participated in rendering the verdict, was related by consanguinity within the sixth degree, computed according to the civil law, to Hon. Boyd Sloan, one of plaintiff's counsel, who was employed in the case on a contingent-fee basis and was thereby interested in the result of the case; and that movants did not know of, and had no means of ascertaining, such relationship before the rendition of the verdict, for the reason that they were not present at the trial and had no counsel representing them and therefore had no opportunity to object to the related juror. They alleged that the service of such juror in the case was prejudicial and harmful to them. They also set up as a ground of the amended motion that the service on them was invalid, and that the court had no jurisdiction to render the verdict; also, that they did not have actual knowledge of the pendency of the suit until January 20, before the trial of the case on January 21. They alleged that the reason they did not have "full knowledge of the pendency of the suit was because they refused to

open the registered letters received by them which they could have opened if they so desired," but that they refused, after consulting their attorneys, to accept such registered letters.

Because of these facts the movants contended that the verdict against them was contrary to the principles of justice and equity and should be set aside, so that on another trial their meritorious defense could be presented and a fair and impartial verdict rendered. They alleged that the collision in which the plaintiff claimed to have been injured was the direct result of the negligence of the plaintiff in recklessly driving his automobile on the wrong side of the highway and to the left of the center line thereof, and, without warning, driving in front of the automobile in which the movants were traveling. They set up also that they were not present at the trial or represented by counsel; that they did not know the trial was taking place; that only the plaintiff and his attorneys participated in the trial; that the jury were not advised of their meritorious defense and were not given the benefit of any evidence in their behalf; that it was contended before the jury and evidence was introduced that these defendants were non-residents, and that copies of the suit and process had been forwarded to them by registered mail, and that they had refused the same; that because of these facts the jurors were undoubtedly prejudiced and biased against them, and were thereby influenced to believe that the defendants as non-residents, "were deliberately ignoring and flouting the process of the Georgia courts, and thus unduly prejudiced and influenced to return the excessive and exorbitant verdict of $5000 against them in said case." For these additional reasons the movants contended that the verdict and judgment should be set aside.

After argument of counsel, and the introduction of evidence in support of the motion to vacate service and the motion in arrest of judgment, and in support of the response thereto, the judge, on February 6, 1942, overruled the motion to vacate service and the motion in arrest of judgment. On the same day he overruled the motion for new trial. The defendants excepted.

"The acceptance by any non-resident of this State, whether a person, firm or corporation, of the rights and privileges conferred by the laws now or hereafter in force in this State, permitting the operation of motor vehicles as evidenced by the operation of a mo-

tor vehicle by any such non-resident on the public highways, . . of this State shall be deemed equivalent to the appointment by such non-resident user of said highways, streets or public roads of the Secretary of State of Georgia, or his successor in office, to be his true and lawful attorney in fact upon whom may be served all summonses or other lawful processes in any action or proceeding against any such user, growing out of any accident or collision in which any such non-resident user may be involved by reason of the operation by him, for him, or under his control or direction, express or implied, of a motor vehicle on any such highways, streets, or public roads in said State, and said acceptance or operation shall be a signification of his agreement that any such process against him shall be of the same legal force and validity as if served upon him personally." Code Ann. § 68-801. Ga. L. 1937, p. 732. The validity of this statute is not assailed, but it is contended that the plaintiff did not cause the defendants to be served with the process by serving such process on the Secretary of State as required by such statute. The defendants urged that service was not had on this official, as their agent and attorney in fact, in compliance with the above statute, because there was no process directed to the Secretary of State as their agent and attorney in fact or otherwise and served on this officer. It is contended that the furnishing by the plaintiff to the Secretary of State with a copy of the original petition and process which was against these defendants was not sufficient service on them.

"Service of such process shall be made by leaving a copy thereof, with a fee of two dollars, in the hands of the Secretary of the State of Georgia, or his successor in office, and such service shall be sufficient service upon any such non-resident user, provided, that notice of such service and a copy of the process are forthwith sent by registered mail by the plaintiff or the Secretary of the State of Georgia, or his successor in office, to the defendant, if his address be known, and the defendant's return receipt and the plaintiff's affidavit of compliance herewith are appended to the summons or other process and filed with said summons, petition and other papers in said case in the court wherein the action is pending." Code Ann. § 68-802. It appears that a copy of the process which named these defendants, together with a copy of the original petition, were furnished to the Secretary of State; that the Secretary

of State immediately sent by registered mail to the defendants, at their places of residence, a copy of the original petition and process, together with a notice of the pendency of the suit, informing them of the appearance term of the case; that the plaintiff also sent by registered mail to each of the defendants a copy of the original petition together with process and notice of suit, and that the defendants, on advice of counsel, refused to accept delivery of these pieces of registered mail, and such mail was returned to the senders with notations thereon to such effect.

While the act of 1937 relatively to suits against non-resident users by motor vehicle of the highways of this State is in derogation of the common law and is to be strictly construed and literally applied, it does not require, when a suit is filed in this State, against a non-resident user by motor vehicle of the highways of this State, for injuries caused by the negligent operation of an automobile owned by him on such highway, that the clerk of such court issue process directed to the Secretary of State as agent or attorney in fact for the non-resident defendant, and that process so directed be served on the Secretary of State. The statute merely provides that the Secretary of State shall be considered the attorney in fact on whom may be served all summonses or other lawful processes in any action or proceeding against such user of the highways, and that "service of such process shall be made by leaving a copy thereof" with the Secretary of State. The suit is not against the Secretary of State as agent or attorney in fact. The suit under the statute is against the non-resident user as defendant. The process is merely served on the Secretary of State as the person designated by the statute to be served, and the statute then provides that "such service shall be sufficient service upon any non-resident user, provided, that notice of such service and a copy of the process are forthwith sent by registered mail by the plaintiff or the Secretary of State . . to the defendant." This was done. In fact, this statute was more than complied with in this respect. The process was not void because it named the defendants and did not name the Secretary of State as agent or attorney in fact for the defendants as the person to whom the process was directed and against whom the suit was filed.

The service under this statute was not void because, as contended by defendants, the plaintiff did not make an "affidavit of compli-

ance" with the statute which was appended to the original summons or other process and filed with the petition. The defendants saw fit, through advice of their counsel, to refuse to receive the registered mail containing the copies of the petition, notice, and copies of process, and therefore neither the defendants' return receipts nor the plaintiff's affidavit of compliance in the exact terms of the statute could be appended to the original petition and process. The plaintiff filed as a part of the proceedings his petition showing the fact of service under the act of 1937, and the fact that the defendants had refused to accept the registered mail sent both by the plaintiff and by the Secretary of State, attached to which petition were the envelopes showing the refusal of the defendants to accept this mail. The judge, on this petition, entered an order that after proper examination it was adjudged that service had been perfected on the defendants in compliance with the act of 1937, and that they had been duly notified in terms of the law to appear at the November 1941 term and answer the complaint.

It follows that there was sufficient service on and notice to the defendants in compliance with the act of 1937, and that the judge did not err for any of the reasons assigned in denying the motion to vacate service and the motion in arrest of judgment. See Cherry v. Heffernan, 132 Fla. 386 (182 So. 427) ; Boss v. Irvine, 28 Fed. Supp. 983; Wax v. Van Marter, 124 Pa. Super. 573 (189 Atl. 537).

There was evidence from which the jury were authorized to find that the defendants were negligent, and that the plaintiff suffered damages to his automobile, a 1939 Plymouth, in the sum of $495, and that the plaintiff received, as the result of the defendants' negligence, severe personal injuries, some of which are permanent and from which he has suffered and now suffers much pain. The evidence showed that the plaintiff was an employee of the Central of Georgia Railroad, and that his duties consisted in climbing telephone and signal poles; that to do this he was required to wear iron braces and spikes; and that since his injury he has not been able to do this work so well, and without considerable excruciating pain. The evidence also tended to show that the plaintiff suffered several severe cuts, and has scars, that his left elbow is stiff and that he suffers pain in its use. The jury were authorized to find that the plaintiff, as the result of his injuries, will continue to suffer for a

long time to come. There was evidence that the plaintiff was taken to a hospital on account of his injuries; that he was unable to work for fifteen days; and that when he returned to work he could only do light work. The plaintiff testified that his hospital bill was $30. He did not testify as to the cost of medical attention other than the hospital bill. In these circumstances it does not appear as a matter of law that the verdict for $5000 was without evidence to support it and was so excessive as to justify an inference of prejudice and bias on the part of the jury. The evidence authorized the verdict. The defendants were served as required by the act of 1937, and no defense was filed. It follows that there is no merit in the ground based on the relationship of a juror to the plaintiff's counsel. By refusing to appear at the trial the defendants waived the right to object to the qualifications of the juror. Code § 59-716. It will not be presumed that the relationship of this juror resulted in the verdict which we hold was not contrary to law and was authorized by the evidence.

The judge did not err in overruling the motion for new trial.

*Judgment affirmed. Sutton and Felton, JJ., concur.*