30237. STONE *et al. v.* SINKFIELD.

Decided March 2, 1944. Rehearing denied March 16, 1944.

*Bussey, Fulcher & Hardin, W. Marshall Bridges,* for plaintiffs in error. *Hammond, Kennedy & Yow,* contra.

FELTON, J. (After stating the foregoing facts.) The act of 1937 (Ga. L. 1937, pp. 732-735), authorizing actions against non-resident motorists to be brought in this State provides, among other things: "Service of such process shall be made by leaving a copy thereof, with a fee of two dollars, in the hands of the Secretary of the State of Georgia, or his successor in office, and such service shall be sufficient service upon any such non-resident. user, provided, that notice of such service and a copy of the process are forthwith sent by registered mail by the plaintiff, or the Secretary of the State of Georgia, or his successor in office, to the defendant, if his address be known, and the defendant's return receipt and the plaintiff's affidavit of compliance herewith, are appended to the summons or other process and filed with said summons, petition, and other papers in said case in the court wherein the action is pending." Ann. Code, Cum. Supp., § 68-802. The record as here presented fails to show a sufficient compliance with the foregoing statute. Nothing less than the strict requirements of a statute in derogation of common law will suffice in the absence of a showing of evasion by the non-resident. There is no presumption that

a registered letter, addressed to "general delivery," marked "unclaimed," was known to be in existence by the addressee, or that any notice was given to him that it was held by the postal authorities, or that after notice the addressee refused to call for it and receive and sign for it. In the case of *Mull* v. *Taylor, 68 Ga. App. 663 (23 S. E. 2d, 595)*, it was held that actual receipt of the process was not necessary where the defendant knew of the transmission of the registered letter containing the process to him and refused to call for it. In such circumstances the notice of the registered letter was held equivalent to the receipt of it. Otherwise, the provisions of the law could be obstructed by the acts of non-resident defendants by the mere refusal of, or failure to call for and receive and sign for, registered letters. In the absence of evidence that the defendants knew of the presence of the registered letters in the post office at the place of their residence, and their refusal or failure to call for them, the city court of Richmond County was without jurisdiction of the defendants, and the court erred in overruling their motion to dismiss the action for want of proper service. The further proceedings were nugatory.

*Judgment reversed. Sutton, P. J., and Parker, J., concur.*