39523. CHEEK v. NORTON, Next Friend.

DECIDED JULY 10, 1962.

*Frank W. Seiler, Bouhan, Lawrence, Williams, Levy & Mc-Alpin, Kirk M. McAlpin, E. Pomeroy Williams,* for plaintiff in error.

*Pierce, Ranitz & Lee, John F. M. Ranitz, Jr., Jack K. Berry, Joseph O. Saseen,* contra.

RUSSELL, Judge. 1. It is no longer open to question that States have the right, by resorting to the legal fiction that nonresidents using their highways impliedly consent to the appointment, to declare by statute under the general police power that some State officer shall be the agent of the nonresident for

service upon him in actions arising out of his use of their highways. Hess v. Pawloski, 274 US 352 (47 SC 632, 71 LE 1091), and see 35 ALR 945. All fifty states now have such provisions incorporated in their nonresident motorist statutes to this effect, the main differences between them being the state officer named as the agent of service, the method provided for giving notice of service to the defendant, and the method provided for proof by the plaintiff or state officer that such service and notice of service have been made. In New Mexico, for example, the notice of service on the Secretary of State must be personal. At least thirteen other states allow personal service of notice as an alternative method. All states except New Mexico permit or require service by mail, and all but five of these require registered or certified mail. In most cases either the plaintiff or state officer must attach the return receipt or make an affidavit of compliance. In ten of these the statutes provide for the notice to be mailed to the defendant at his "last known address." No state except Georgia contains the provision of our *Code Ann.* § 68-802, which is that notice of service and copy of process be sent by registered mail to the defendant "if his address be known," which is the issuable phrase involved in this action, the plaintiff here contending in effect that while he knows the defendant is a resident of Pennington County, South Dakota, he does not know his "address," by which he means a mailing address at which a registered letter would be likely to reach him, and he at least impliedly contends that under the terms of the Georgia statute there is no burden upon him to ascertain such an address for the purpose of forwarding the notice of service.

Concededly, our question is not constitutionality but compliance; yet it becomes necessary to construe *Code Ann.* § 68-802 in the light of constitutional due process requirements in order to reach a decision as to whether it will permit a plaintiff to prosecute an action against a defendant under the nonresident motorist law and obtain a judgment entitled to full faith and credit among the other States by means of which he can levy upon and seize the defendant's property, without giving the defendant any notice of the pendency of the action, by the device

of an allegation in the petition that the defendant's address is unknown to him.

The statute is in derogation of the common law, and must be strictly construed and fully complied with before a court of a state other than that of the defendant's residence may obtain jurisdiction of his person. *Stone v. Sinkfield,* 70 Ga. App. 787, 789 (29 SE2d 310). In Wuchter v. Pizzutti, 276 US 13 (48 SC 259, 72 LE 446, 57 ALR 1230), a New Jersey statute was struck down where it failed to provide for actual notice of service to the defendant because "the enforced acceptance of the service of process on a state officer by the defendant would not be fair or due process unless such officer or the plaintiff is required to mail the notice to the defendant, or to advise him by some written communication, so as to make it reasonably probable that he will receive actual notice." In reaching this decision the United States Supreme Court cited, among other cases, *Jefferson Fire Ins. Co. v. Brackin,* 140 Ga. 637 (79 SE 467), wherein it was held: "One of the essential elements of 'due process of law' to which everyone is entitled before he can be lawfully deprived of his property, is notice of the procedure against him. This notice must not be dependent upon chance, and must at least be such as with reasonable probability will apprise him of the pendency of the proceedings." See cases listed in 99 A.L.R. (Anno.) 130. Statutes must provide for notice and hearing as a matter of right, either in express terms or by necessary implication. *Robitzsch v. State of Georgia,* 189 Ga. 637 (7 SE2d 387); *Sikes v. Pierce,* 212 Ga. 567 (94 SE2d 427). "Where . . . a party is being divested of property rights by a proceeding instituted by the opposite party to the cause, nothing short of notice of the proceeding and an opportunity to be heard in opposition thereto will satisfy the due-process clauses of the Constitutions of this State and of the United States. This ought to be and is elementary." *Murphy v. Murphy,* 214 Ga. 602, 605 (2) (106 SE2d 280).

As to service on nonresidents, the "reasonable probability" rule seems to have been universally adopted, although the strictness with which it is enforced may vary. Jurisdiction rests upon the assumption that, in the absence of a contrary assertion

by the defendant, he received notice of the action and an opportunity to defend. Tennant v. Farm Bureau Mut. Auto Ins. Co., 141 NYS2d 449. There must be at least an attempt by the plaintiff to give the defendant notice of service in the manner set forth in the statute. King v. Menz (N.D.) 75 NW2d 516. Mere mailing to the defendant in a large city, no street address being given, raises no presumption of reasonable certainty that the defendant received the notice, and the court would not obtain any jurisdiction thereby to render a personal judgment. Odley v. Wilson, 309 Ky. 507 (218 SW2d 17). In Plumley v. May (W. Va.) 87 SE2d 282, it was held that a statute providing that the return receipt might be signed by a member of the family related only to service, and was not the equivalent of a showing of notice of the action imparted to the defendant where he did not sign the return receipt. Both the statute and the facts concerning the mailing of the notice must be such as to show within a reasonable probability that the defendant in fact received notice. Berg v. Burke, 77 N.D. 913 (46 NW2d 786); Paduchik v. Mikoff, 158 Ohio St. 533 (110 NE2d 562). When the notice authorized by statute is actually received, substituted service on an official of the State of venue becomes the equivalent of personal service. Paull v. Cook, 135 W.Va. 833 (65 SE2d 750); Webb Packing Co. v. Harmon, 39 Del. 22 (196 A 158). When, however, the reasonable probability requirements are met, the fact that the defendant did not in fact receive actual notice, especially when failure to do so is the fault of such defendant, will not always deprive the courts of jurisdiction. See Powell v. Knight, 74 FSupp. 191 (where the defendant was a transient without any ascertainable whereabouts); Sorenson v. Stowers, 251 Wisc. 398 (29 NW2d 512) (where the address given by the defendant at the time of the collision proved inadequate because he moved away leaving no forwarding address, or furnished an incorrect address); *Mull v. Taylor*, 68 Ga. App. 663 (23 SE2d 595) and Boss v. Irvine, 28 FSupp. 983 (where defendant refused to accept delivery of the letter). The constitutionality of statutes requiring the notice to be mailed to the defendant at his "last known address" has been variously decided in States adopting this form of language. See cases discussed in 99 A.L.R.

Anno., pp. 130, 133; also, McAteer v. Hayward, 36 Pa. D. & C. 394. In any event, as stated in Wuchter, supra, the burden is on the plaintiff to investigate and learn where the defendant may be located, and "every statute of this kind should require the plaintiff bringing the suit to show in the summons to be served the postoffice address or residence of the defendant." Among those cases holding that the plaintiff must at his peril ascertain where the defendant can be located see also Bernardt v. Scianimanico, 192 NYS 2d 1018.

This court has the duty of giving *Code Ann.* § 68-802 a strict construction, having regard for the requirements of due process, and of declaring insufficient any purported service or notice not measuring up to those requirements. Cf. *Allied Finance Co. v. Prosser*, 103 Ga. App. 538 (119 SE2d 813). Since the plaintiff here has no right to subject this defendant to suit in this State except as the right is given him by this statute, we must decide whether the provision that service of process shall be made by leaving a copy with the Secretary of State of Georgia, provided that notice is forthwith sent to the defendant *if his address be known*, means (a) that the plaintiff must at his peril ascertain the defendant's address, or (b) that there is no burden on the plaintiff to find where the defendant is located, and he is merely required to give this information to the Secretary of State or send the notice in the event that he happens to know the address. If the latter construction is valid, but the plaintiff should fraudulently withhold the information, the burden would be on the defendant in such a case not only to discover that the suit was pending but thereafter to prove that the plaintiff in fact knew his address but failed to furnish it. Most defendants, as the above cited cases variously point out, have an address known to those who would ordinarily have a business or personal connection with them, and ordinarily such address can be ascertained if anything concerning the defendant's identity, or the automobile license plate, or a report as to financial responsibility (usually ascertained before suit is brought) is available to the plaintiff. Where it is available, receipt of actual notice to the defendant forwarded by registered or certified mail is within a reasonable probability assured. Where no

notice is sent, the reasonable probability on the other hand is that the defendant may not be informed of the action until a judgment is obtained and attempted to be levied upon him. Equally obvious, at such time the plaintiff must know enough about the defendant to know where and how a judgment can be levied, or neither suit nor judgment will be of any benefit to him.

It follows that, so far as the statutes pertaining to notice of service on nonresident motorists are concerned, there is some difference existing among the other 49 states both as to what provisions for notice must be made, and as to what attempts to carry out those provisions must be shown. In some states actual notice is essential. In most, the reasonable probability rule is followed. In all, the burden is on the plaintiff to show that a diligent effort has been made to locate the defendant (as, for example, a recent amendment to the Virginia law provides that the plaintiff will be excused from giving notice only where he files an affidavit that the defendant's address is unknown and cannot be ascertained.) If we construe *Code Ann.* § 68-802 to mean that there is no burden at all on the plaintiff to ascertain the defendant's whereabouts, and leave it merely to chance and his conscience whether he provide an address for service of notice or not, it cannot be said that there is any reasonable probability that the defendant in such cases would be informed of the action against him and thus have an opportunity to defend. Such a construction contravenes the minimum requirements of due process as established by the courts of this State and of the other states. In the present case the plaintiff alleged that the defendant lives in Pennington County, South Dakota. We do not know whether a letter mailed merely to that address would reach him, but neither do we know that it is impossible for the plaintiff, with this information at hand, to obtain a more specific mailing address. We are convinced, however, that to construe this statute so as to relieve the plaintiff from any responsibility for obtaining a proper residence address would deny to such defendant that notice and opportunity to be heard which is the basic requirement of due process.

The trial court erred in overruling the motion to dismiss on the ground that the court had no jurisdiction of the defendant. *Judgment reversed. Carlisle, P. J., and Eberhardt, J., concur.*