39647—39654. ROLAND v. SHELTON (eight cases).
39655. ROLAND, Next Friend v. SHELTON.

582

*Carmine Fiorentino,* for plaintiffs in error.

*Smith, Field, Ringel, Martin & Carr, Sam F. Lowe,* contra.

CARLISLE, Presiding Judge. In each of these cases the plaintiffs, Roland, filed suit in Fulton Superior Court against Mrs. Shelton, defendant, seeking damages on account of an automobile collision. Mrs. Shelton is a nonresident and service of the petition and process was had on the Secretary of State of Georgia under the provisions of Chapter 68-8 of the Code. As shown by affidavit of counsel for plaintiff, notice of such service was given defendant by placing a copy of the petition and process in an envelope addressed to her at Route 1, Box 144, Jackson, South Carolina, and the same sent by registered mail return receipt requested. The record shows that when each of the petitions and processes was received at the Post Office at Jackson, South Carolina, an attempt was made to deliver them to the addressee but the postman failed to find anyone at home who could accept delivery of the envelopes; that a notice was placed in the addressee's mail box for each of the envelopes, advising the addressee that the envelopes were held at the Post Office for delivery; that the addressee failed to appear to claim the envelopes; that thereafter a second such notice was placed in the mail box and when after a period of five days the addressee still failed to appear and claim the mail, the envelopes were returned to the Secretary of State, marked "Unclaimed." After the return of the envelopes, plaintiff filed a petition in the Superior Court of Fulton County praying for an order declaring the service of process perfected. On June 15, 1961, at the May term of the Fulton Superior Court, an order was entered in each

case adjudging and decreeing that petitioners had complied in every respect with the Georgia Nonresident Motorists Act, and that service of process in each of the cases was perfected as to the defendant, Mrs. Mabel Marable Boswell Shelton. Thereafter at the September term, 1961, of the Fulton Superior Court a jury, after hearing evidence as to the issue of unliquidated damages, rendered verdicts in each of the cases in favor of the plaintiff, and judgments were entered on those verdicts. On December 28, 1961, at the November term, the defendant filed in each case a motion to set aside and vacate the verdict and judgment previously entered in the case and also the order declaring service perfected, attaching thereto supporting affidavits. In these motions defendant alleged that she never received any notice of the pendency of the suits, did not receive any of the Post Office notices respecting the registered mail, and had no actual knowledge that suits had been filed against her until after judgment had been entered in the suits. These motions were verified by the defendant. Rules nisi were issued on these motions and served on the attorney for the plaintiff who filed responses thereto. Upon the hearing of the matter before the trial judge, plaintiff made an oral motion to dismiss defendant's motion to vacate and set aside the verdict and judgment in each case, and the trial judge, after hearing the evidence and argument of counsel, overruled the oral motion and entered an order vacating and setting aside the judgment declaring service perfected upon the defendant, and also the verdict and judgment entered in each case. The assignment of error in each case is on this latter judgment.

The rural mail carrier serving the route on which defendant lived testified by deposition that he placed notices of the registered mail in the defendant's box on two occasions after he attempted to deliver the mail to her and found her not at home each time, and that upon making his rounds on the day thereafter the notices were not in the box. The defendant, Mrs. Shelton, testified by deposition that she did not receive the notices about the registered letters placed in her box and that she had no notice or knowledge of the filing of the suits or of the trial of the cases until November, 1961 (during the Nov-

ember-December term of the court). This testimony was not controverted by any direct evidence introduced in the case. The sole question thus presented by these assignments of error is, therefore, whether under these facts and circumstances the Fulton Superior Court acquired jurisdiction of the person of the defendant so as to be authorized to render a valid and binding judgment against her in each of the cases.

In order for a court of this State to obtain jurisdiction over the person of a defendant in an action brought against a non-resident motorist so as to render valid a judgment in personam against such defendant, two things must be done: (1) Service of the process and copies of the petition or other pleading with process attached thereto must be had upon the Secretary of State of Georgia, or his duly authorized agent; and (2) notice of such service and a copy of the petition and process must be sent by registered mail to the defendant. Ga. L. 1959, p. 113 (*Code Ann.* § 68-802). With respect to *proof* that the defendant actually received notice of the pendency of the action "reasonable probability" is all that is required, in the absence of a contrary assertion by the defendant (*Cheek v. Norton,* 106 Ga. App. 280, 283, 284, 126 SE2d 816), but the *fact of service* and *proof thereof* are two entirely different things, and jurisdiction is dependent upon the *fact* and not merely the *proof thereof.* *Love v. National Liberty Ins. Co.,* 157 Ga. 259, 267 (121 SE 648); *Millis v. Millis,* 165 Ga. 233, 241 (140 SE 503). In this case, assuming, but not deciding, that the affidavit of counsel for the plaintiff that he personally placed a copy of the petition and process in a properly addressed envelope with sufficient postage thereon and sent the same by registered mail, return receipt requested, to the defendant at Route 1, Box 144, Jackson, South Carolina, when considered together with the returned unopened envelopes marked by the postmaster at Jackson, South Carolina, as "unclaimed" by the addressee, make a prima facie case in proof of the accomplishment of service, which was sufficient, in the absence of a contrary assertion by the defendant, to authorize the entry of the judgment declaring service perfected, these facts merely raised a presumption that the defendant had such notice. Cf. *Mull v. Taylor,* 68 Ga. App. 663, 671 (23 SE2d 595).

This presumption, however, must yield to the uncontradicted direct evidence of the defendant as testified in her deposition in support of the motion to vacate and set aside the order perfecting service and the final judgment in the case that she, in fact, did not receive such notice. *Atlantic C. L. R. Co. v. Drake,* 21 Ga. App. 81 (94 SE 65). While proof that the notices were mailed raised a presumption that the defendant received them this presumption is a rebuttable one and is entirely overcome by the uncontradicted evidence of the defendant that she did not receive the notices. *Hart v. Little,* 39 Ga. App. 106 (3) (146 SE 338); *Arnold v. Darby,* 49 Ga. App. 629 (4) (176 SE 914); *Hamilton & Co. v. Stewart,* 108 Ga. 472, 476 (34 SE 123); *Carmichael Tile Co. v. McClelland,* 213 Ga. 656, 659 (4) (100 SE2d 902).

It follows that the Superior Court of Fulton County never acquired jurisdiction of the person of the defendant by reason of the fact that service was not perfected upon her in accordance with the strict terms of the statute. This statute being in derogation of the common law must be strictly construed and fully complied with before the court can obtain jurisdiction over the person of a nonresident defendant. *Cheek v. Norton,* 106 Ga. App. 280, 283, supra. "A judgment, founded upon a suit in a court which had no jurisdiction of the person of the defendant is void, unless the defendant waived jurisdiction or appeared and pleaded to the merits. Civ. Code (1910) § 5964 [Code, 1933, § 110-709]; *Bostwick v. Perkins,* 4 Ga. 47; *Preston v. Clark,* 9 Ga. 244; *Graham v. Hall,* 68 Ga. 354; *Mauck v. Rosser,* 126 Ga. 268 (55 SE 32)." *McKnight v. Wilson,* 158 Ga. 153, 161 (122 SE 702). In this case, the defendant did nothing to waive the lack of jurisdiction and the judgment rendered by the court was, therefore, void. Such judgment was properly set aside on motion of the defendant after service of rule nisi on the plaintiff at a term subsequent to the one in which such judgment was rendered. *Anderson v. Turner,* 35 Ga. App. 428, 430 (133 SE 306).

*Judgments affirmed. Eberhardt and Russell, JJ., concur.*