41120. DUNN v. ROYAL BROTHERS COMPANY, INC.

Decided February 17, 1965—Rehearing denied
March 11, 1965.

*Forester & Calhoun, Marcus B. Calhoun,* for plaintiff in error.
*Twitty & Twitty, Frank S. Twitty, Jr.,* contra.

JORDAN, Judge. It is contended by the defendant corporation that the judgment sued upon was of no force and effect for the reason that none of its officers or agents who were authorized to accept service had received actual notice of the pendency of the Florida action. This contention is unavailing to the defendant.

The facts stipulated in this case disclosed that service was perfected upon the defendant corporation in strict compliance with the applicable statute of the State of Florida, and the fact that no responsible officer or agent of the defendant corporation received actual notice of the pending suit is immaterial here since it is undisputed that such was caused by the failure of the defendant's own employee to refer the registered letter containing notice and a copy of the complaint to the responsible corporate authority. It is undisputed that the address used in mailing the notice was the defendant's correct address, and that the notice was sent to that address by registered mail as required by the statute. Under such circumstances, receipt of the actual notice to the defendant is "within a reasonable probability assured." *Cheek v. Norton,* 106 Ga. App. 280, 285 (126 SE2d 816).

The fact that such notice was actually received by a salesman-employee of the defendant from the post office enhances this probability and assures such notice to the defendant except in cases of gross culpable neglect on the part of such employee. The plaintiff here, having strictly complied with the statute in all respects, should not be made to suffer the consequences of such neglect on the part of the defendant's employee.

The provisions of the Florida nonresident motorist act for the giving of notice to the nonresident defendant by registered mail clearly satisfied the requirements of constitutional due process that statutes of this kind, "must, in order to be valid, contain a provision making it reasonably probable that notice of the service on the Secretary will be communicated to the nonresident defendant who is sued," Wuchter v. Pizzutti, 276 U.S. 13, 18 (48 SC 259, 72 LE 446, 57 ALR 1230); and the lack of actual notice to the defendant in this case was not due to any deficiency in the Florida act or in its observance and execution in so far as these requirements are concerned.

This being true, this case comes within the ruling of this court in *Mull v. Taylor*, 68 Ga. App. 663 (23 SE2d 595), that where notice is duly given to the defendant as required by the provisions of the nonresident motorist act, "irrespective of whether the defendant actually received such notice, and where the statute is otherwise complied with, due and legal service has been perfected." As recently stated by this court in *Cheek v. Norton*, 106 Ga. App. 280, 284, supra: "When, however, the reasonable probability requirements are met, the fact that the defendant did not in fact receive actual notice, especially when failure to do so is the fault of such defendant, will not always deprive the courts of jurisdiction."

The defendant's grievance in this case was against the default of its employee who failed to refer the registered letter containing notice to the proper authority of the corporation and not against the default judgment rendered by the Florida court (see *Davison-Paxon Co. v. Burkart*, 92 Ga. App. 80, 88 SE2d 39, *Clements v. Sims T.V. Inc.*, 105 Ga. App. 769, 125 SE2d 705), which was entitled to the full faith and credit of the courts of this State. *Code* § 38-627.

This court has held that leaving process at the place of business of a corporation in the hands of a person *employed* by the corporation is good service. The corporation cannot attack such service on the ground that the employee failed to deliver such process to any of its agents or officers. *Clements v. Sims T.V. Inc.*, 105 Ga. App. 769, 773, supra. Likewise, in the situation here, the defendant cannot attack an otherwise valid judgment based on the failure of its employee to inform them of the notice received by him in his capacity as an employee of the defendant. The trial court erred therefore in granting a summary judgment in favor of the defendant corporation.

*Judgment reversed. Felton, C. J., and Russell, J., concur.*

ON MOTION FOR REHEARING.

Counsel for defendant in error contends that his client has not had his day in court and that this opinion inflicts a great injustice upon him. While the result reached places the defendant in error in the unfortunate position of having to pay for the negligence of its employee, a contrary opinion by the court would have resulted in grave injustice to a plaintiff who had complied with every duty placed upon him by the law under which he was proceeding.

It is agreed that the provisions of the nonresident motorist act we are here considering meet the constitutional requirements of due process. It is agreed that the plaintiff complied strictly with every detail of the law. The only missing link in the chain of notice is the failure of the defendant's employee who had signed for and received the registered letter containing the notice to give the same to an officer or agent of the corporation. According to the contention of the defendant, the plaintiff would be required to follow the registered letter after receipt by the employee from the post office and see that it came into actual physical possession of the proper officer of the defendant corporation. The law places no such burden on the plaintiff.

The defendant's unfortunate position is not the result of the law or the interpretation of it by this court. It is due solely to the human frailty of its own employee. That a corporation must suffer economic loss due to the negligence of one of its employees is not a new theory of law.

*Rehearing denied.*