41472. RIELLY v. CROOK.
41473. RIELLY v. DRENNON.

ARGUED SEPTEMBER 13, 1965—DECIDED SEPTEMBER 22, 1965.

*Pittman & Kinney, H. E. Kinney,* for plaintiff in error.
*Mitchell & Mitchell, D. W. Mitchell, Jr.,* contra.

HALL, Judge. The Georgia nonresident motorist statute, supra, provides that service of process "shall be made by leaving two copies of the petition or other pleading with process attached thereto, with a fee of $2.00 for each defendant, in the hands of the Secretary of State of Georgia, or his duly authorized agent, or his successor in office, and such service shall be sufficient service upon any such non-resident user, provided, that notice of such service and a copy of the petition and process are forthwith sent by registered mail by the plaintiff or the Secretary of State or his agent, or his successor in office, to the defendant, if his address be known, and the defendant's return receipt and the plaintiff's affidavit of compliance herewith are appended to the summons or other process and filed with said summons, petition and other papers in said case in the court wherein the action is pending." Under this statute (1) service on the Secretary of State and (2) sending notice of this service and copy of the petition and process to the defendant by registered mail are essential to jurisdiction over the defendant. *Roland v. Shelton,* 106 Ga. App. 581, 584 (127 SE2d 497). Proof of serv-

ice showing these essentials of jurisdiction is rebuttable by evidence that the defendant did not in fact receive the notice. *Roland v. Shelton,* supra, p. 585.

In the present case the return of service shows that the deputy sheriff "served the defendant Edward R. Rielly, by serving Ben W. Fortson, Jr., Secretary of State, State of Georgia, personally with a true copy of the within petition and process." The day after the sheriff's return of service there was filed in the office of the Clerk of the Superior Court of Whitfield County a certificate, signed by and bearing the seal of the Secretary of State, that copy of the petition was forwarded to the defendant by registered mail. The defendant's motion to set aside the judgment contends that the court had no jurisdiction to render the judgment because the return receipt of service on the defendant and the plaintiff's affidavit of compliance were not appended to the summons or other process and filed therewith in the superior court, in compliance with the statute (*Code Ann.* § 68-802, supra).

There was not an entire absence of a return of service in this case and the judgment was not void. The question, then, is whether the failure to file a return receipt and an affidavit of compliance were amendable defects. If the defects could have been amended, they will be taken as having been cured by judgment. *Code* § 110-705; *Hayes v. American Bankers Ins. Co.,* 46 Ga. App. 552, 556 (167 SE 731). The record prima facie shows facts essential to give the court jurisdiction over the defendant. *Roland v. Shelton,* 106 Ga. App. 581, supra. The evidence prescribed by statute to show service was incomplete but this was an amendable defect. *Jones v. Bibb Brick Co.,* 120 Ga. 321, 325 (48 SE 25).

Unless the defendant was not served, he should have appeared in the suit which resulted in the judgment and objected to the defective return; otherwise he is justifiably concluded by the judgment. *King v. Phillips,* 70 Ga. 409, 411. "In . . . a direct proceeding to set aside a judgment based on a defective return, the movant can not rely on the incompleteness of the return, but must affirmatively show that the service actually made was not such as is required by the statute." *Jones v. Bibb Brick Co.,* 120 Ga. 321 (6), supra; *Mitchell v. Perry,* 145 Ga.

233 (88 SE 930) ; accord *Cheek v. Norton,* 106 Ga. App. 280, 283 (126 SE2d 816).

The present motion to set aside the judgment contains no affirmative allegation that the defendant did not receive the registered letter shown by the certificate of the Secretary of State to have been mailed to him, and hence does not raise the issue that service was not actually perfected on the defendant. *Hayes v. Bankers Ins. Co.,* 46 Ga. App. 552, supra. Since the record prima facie shows jurisdiction of the defendant, and the motion to set aside the judgment does not affirmatively allege that the defendant did not receive a copy of the petition from the Secretary of State, in rebuttal of the record showing jurisdiction, the court did not err in sustaining the motion to dismiss the motion to set aside the judgment.

This is in accord with decisions in Georgia, and in other states having statutes with the same provisions, that when a return receipt is not filed showing delivery of the letter to the nonresident defendant the court does not acquire jurisdiction over the person of the defendant unless the letter was in fact delivered to him, or he had notice of the letter or the action against him, or he refused delivery of the letter addressed to him. *Mull v. Taylor,* 68 Ga. App. 663, 671 (23 SE2d 595) ; *Stone v. Sinkfield,* 70 Ga. App. 787, 789 (29 SE2d 310) ; *Roland v. Shelton,* 106 Ga. App. 581, 584, supra; Cf. *Cheek v. Norton,* 106 Ga. App. 280, supra; Anno. 95 ALR2d 1033, 1036, 1039, 1045, 1048.

*Judgments affirmed. Bell, P. J., and Frankum, J., concur.*