49454, 49455. WATTS v. KEGLER (two cases).

EVANS, Judge.
On January 17, 1970, at Little Five Points in Atlanta, Georgia, Willie Kegler, of 318 Beechwood Drive, River Rouge, Michigan, driving a 1969 Buick with Michigan license plate CX-2358, collided with the rear of an automobile driven by Robert C. Watts, III. Virginia S. Watts, his wife, was a passenger and the owner of the automobile driven by her husband.

On January 14, 1972, Watts sued Kegler for his own personal injuries arising out of the collision, and Mrs.

Watts sued him for loss of consortium of her husband and for damage to her automobile. Both suits requested that defendant be served as a nonresident motorist according to the provisions of Code Ann. § 68-801 et seq.

Service in both suits was duly made upon the Secretary of State, who forwarded the complaints and summons by registered mail on January 14, 1972, to the defendant at the above address. Both letters were returned to the Secretary of State marked "unclaimed"; one letter having also the notation "Left 1-17-72 RD" and the other, "Left Notice 1-17-72 RD." Both suits were also served on The Hanover Insurance Company, which responded by filing defenses of lack of jurisdiction, insufficient service, no venue in DeKalb County because proper venue was in Fulton County; no lawful service; unconstitutional service, and denial of the entire claim. Separate motions to dismiss were also filed by said insurer, and after discovery and a hearing, the motions were granted and both complaints dismissed. Plaintiffs appeal. *Held:*

1. Under the Nonresident Motorist Statute, service on the Secretary of State and the sending of notice of this service and copy of the petition and summons to the defendant by registered mail, if his address be known, are essential in order to obtain jurisdiction over the nonresident motorist defendant. *Roland v. Shelton,* 106 Ga. App. 581, 584 (127 SE2d 497); *Rielly v. Crook,* 112 Ga. App. 334, 335 (145 SE2d 110). Here plaintiffs' affidavit attached to each petition supports this requirement.

2. But proof of these essentials of jurisdiction is rebuttable by evidence that the defendant did not in fact receive the notice required by Code Ann. § 68-802, supra. *Roland v. Shelton,* supra, p. 585.

3. If letter is in fact delivered to the addressee, or if he has notice of the letter or the action against him, or *if he refuses delivery of the letter to him,* service has been accomplished. *Mull v. Taylor,* 68 Ga. App. 663, 665, 671 (23 SE2d 595); *Stone v. Sinkfield,* 70 Ga. App. 787, 789 (29 SE2d 310); *Roland v. Shelton,* supra, p. 584. Nothing less than strict requirement of a statute in derogation of common law will suffice, unless there is a showing of evasion by the nonresident.

On motion to dismiss the evidence shows a presumption of compliance with the statute, and it also shows notification of the addressee of the registered letter by the postal authorities of its presence, with the letter then returned marked "unclaimed." Under these circumstances either a finding of failure of notice of the suit or sufficient circumstances to imply evasion on the part of the defendant would have been authorized.

Formerly, jurisdictional questions were presented by plea and not by motion, unless want of jurisdiction appeared on the face of the proceedings. Code § 81-501 (now repealed). Now under CPA same are presented only by motion. Code Ann. § 81A-112 (Ga. L. 1966, pp. 609, 622; 1967, pp. 226, 231; 1968, pp. 1104, 1106; 1972, pp. 689, 692, 693). Here the motion to dismiss involves a factual issue as to a question of abatement, which was heard and determined by the court before trial. The trial judge is not required to submit these matters to a jury, although he may defer same until the trial. See *Hatcher v. Hatcher,* 229 Ga. 249, 250 (190 SE2d 533). Nor can it be treated as one for summary judgment. *Knight v. U. S. F. & G. Co.,* 123 Ga. App. 833 (1), 834 (182 SE2d 693); *Boyd Motors v. Radcliff,* 128 Ga. App. 15 (195 SE2d 291).

Since there was evidence before the court which the court could consider sufficient to overcome the presumption of proper service, this evidence authorized a finding of failure of notice of the suit. The lower court did not err in dismissing the complaint for lack of proper service of the suit.

*Judgments affirmed. Pannell, P. J., concurs. Webb, J., concurs in the judgments only.*

ARGUED JULY 8, 1974 — DECIDED NOVEMBER 7, 1974.

*John H. Ramsaur,* for appellants.
*N. Forrest Montet, Malcolm P. Smith,* for appellee.