## A02A0089. TATE v. HUGHES.
(565 SE2d 853)

MILLER, Judge.

When a nonresident's operation of a vehicle in Georgia results in injury, Georgia law authorizes service of process on the nonresident by serving the Georgia Secretary of State (the agent for service appointed by law) and by sending a copy of the complaint and summons by certified mail to the nonresident at her known address. OCGA § 40-12-2. In the case at bar, the nonresident did not claim the certified mail at her local post office even though postal authorities had notified her of such. The question on appeal is whether this service was sufficient where the nonresident never denies having received notice that the certified mail was waiting for her at the local post office. We hold that it was sufficient and reverse the trial court's order dismissing the complaint on grounds of insufficient service.

Dora Fowler Hughes, a Texas resident, admits that while negligently driving her motor vehicle on the wrong side of a road in Georgia, she struck a vehicle occupied by LaCherra Tate. Tate sued Hughes in Georgia for damages and perfected service under the Georgia Nonresident Motorist Act by serving the Georgia Secretary of State and by sending a copy of the suit by certified mail to Hughes at her Texas address. See OCGA § 40-12-2. Tate later dismissed the complaint without prejudice and timely refiled within six months. See OCGA § 9-2-61 (a).

In the renewal action, Tate followed the same statutory procedure for service, serving the Secretary of State and simultaneously sending a copy of the summons and complaint to Hughes at her Texas address by certified mail. This time, however, the certified mail went unclaimed, despite two notices to Hughes that the mail was at the local post office to be claimed. The mail was marked "UNCLAIMED" and returned to Tate.

Hughes answered the complaint, asserting insufficient service of process. She moved to dismiss on this ground, attaching her affidavit that she "was not personally served with a copy of this lawsuit nor did [she] receive a copy by certified mail." She did not deny having

received notices from postal authorities that the certified mail had been available for pickup. The trial court granted the motion because Hughes did not receive actual notice of the lawsuit.

We are compelled to reverse. A nonresident who operates a vehicle in Georgia is deemed to appoint the Georgia Secretary of State as her agent for service of process for any suit arising out of an accident in Georgia involving that operation of the vehicle. OCGA § 40-12-1 (a). Service may be perfected by serving a copy of the summons and complaint (along with a certificate of compliance) on the Secretary of State and immediately sending, by certified mail, a notice of such service and a copy of the complaint and process to the nonresident at her known address. OCGA § 40-12-2. Hughes freely concedes that "pursuant to the Georgia Non-Resident Motorist Act[, Tate] properly sent the summons and complaint to the Secretary of State, and then forwarded the same to [Hughes] by certified mail." However, urging that the statute is to be strictly construed, Hughes argues that because she did not *actually receive* the unclaimed certified mail, service was fatally defective.

It is true that the statute is in derogation of common law and must be strictly construed and fully complied with before a Georgia court may obtain jurisdiction over the nonresident. *Cheek v. Norton*, 106 Ga. App. 280, 283 (1) (126 SE2d 816) (1962). It is not true that the statute requires that the nonresident actually receive the certified mail for service to be perfected. Where the statute is complied with, service is perfected "irrespective of whether the defendant actually received such notice. . . ." *Mull v. Taylor*, 68 Ga. App. 663, hn. 1 (23 SE2d 595) (1942). Thus, even where the certified mail is returned as "refused by addressee" or as "UNCLAIMED," we have held that service is valid. See *Bowers v. Winter*, 228 Ga. App. 530, 531 (492 SE2d 296) (1997) ("UNCLAIMED"); *Liberty Mut. Ins. Co. v. Coburn*, 129 Ga. App. 520, 523 (2) (200 SE2d 146) (1973) ("Refused"); *Mull*, supra, 68 Ga. App. at 665 ("refused by addressee").

Nevertheless, as pointed out by Hughes, we have also held that if the nonresident presents evidence that she never received notice from postal authorities that the certified mail was available for pickup, the trial court may find that service was invalid. See *Roland v. Shelton*, 106 Ga. App. 581, 583 (127 SE2d 497) (1962) (nonresident testified that she "did not receive any of the Post Office notices respecting the registered mail"); *Stone v. Sinkfield*, 70 Ga. App. 787, 790 (29 SE2d 310) (1944) (registered letter sent to general delivery; no evidence that postal authorities gave any notice to nonresident that they were holding the letter for pickup).[1] That is not the case

---

[1] Hughes's citation to *Watts v. Kegler*, 133 Ga. App. 231 (211 SE2d 177) (1974), is inappropriate, as this case is physical precedent only. Court of Appeals Rule 33 (a). Moreover, the

here. Hughes testified only that she "was not personally served with a copy of this lawsuit nor did [she] receive a copy by certified mail." She never denied that she received the two notices from postal authorities that the certified letter was available to be claimed, which notices are referenced on the face of the envelope. Having strictly complied with the statute, Tate should not be made to suffer the consequences of Hughes's neglect in collecting her mail. See *Bowers*, supra, 228 Ga. App. at 532; see also *Dunn v. Royal Bros. Co.*, 111 Ga. App. 322, 325 (141 SE2d 546) (1965).

The trial court erred in holding that Hughes's failure to receive actual notice of the lawsuit invalidated service. Accordingly, we reverse the dismissal of the suit.

*Judgment reversed. Blackburn, C. J., and Johnson, P. J., concur.*

DECIDED MAY 23, 2002.

*Northcutt, Edwards, Gordon & Feingold, Louis R. Feingold, Joseph H. King, Jr.*, for appellant.

*Cooper & Makarenko, Gary M. Cooper, William Z. Meadows*, for appellee.

nonresident in *Watts* presented evidence that she did not receive proper service. 133 Ga. App. at 233 (3).