[File No. 7223]

NORVAL BERG, Appellant, v. RAYMOND BURKE and Farmers Mutual Automobile Insurance Company, of Madison, Wisconsin, a Foreign Corporation, Respondents.

(46 NW2d 786)

914

Opinion filed March 2, 1951.  Rehearing denied March 22, 1951

*Lyche & Lyche,* for appellant.
*Day, Lundberg, Stokes, Vaaler & Gillig,* for respondents.

MORRIS, Ch. J.  On December 22, 1947, the plaintiff obtained judgment in the District Court of Polk County, Minnesota, against Raymond Burke and Wallace Chency for damages for personal injuries resulting from an automobile accident which occurred in that county on May 12, 1946.  This action was brought in the District Court of Grand Forks County, North Dakota, against Raymond Burke upon the judgment recovered in Minnesota and against the Farmers Mutual Automobile Insurance Company of Madison, Wisconsin, a foreign corporation, upon an automobile liability insurance policy issued to Burke and in force at the time of the accident.  Burke demurred to the com-

plaint in this action upon the ground that several causes of action have been improperly united. The Farmers Mutual Automobile Insurance Company, which we will refer to as the insurance company, demurred to the complaint upon two grounds—first, that several causes of action have been improperly united; and second, that the complaint does not state facts sufficient to constitute a cause of action against the defendant insurance company. The demurrers were argued before Honorable M. J. Englert, District Judge, and both were overruled. Thereafter a pretrial conference was held before Honorable P. G. Swenson, District Judge, after which Judge Swenson entered an order permitting the plaintiff to file an amended complaint, which was done.

The amended complaint pleads the procurement of a judgment in the District Court of Polk County, Minnesota, in favor of the plaintiff and against Raymond Burke and Wallace Cheney for damages on account of the automobile accident heretofore referred to in favor of Norval Berg in the sum of $4,333.89, and that no part of the judgment has been paid. It sets forth the incorporation of the automobile insurance company and its authorization to do business in North Dakota. It is then alleged that the automobile insurance company was the insurer of Raymond Burke and Wallace Cheney under a policy of insurance, which by its terms protected third persons, including the plaintiff; that the insurance company was fully advised of the accident and has refused to pay the judgment. The defendants answered jointly by way of general denial and further set forth that the Minnesota court was without jurisdiction to render judgment against Burke for the reason that no service of process was made upon him. The answer also alleges that the defendant insurance company is not a party to the purported judgment in Minnesota and not a proper party to the action; that the plaintiff has joined two inconsistent causes of action in one complaint; and that there is a misjoinder of parties defendant. It is further pleaded in the answer that the allegations of plaintiff's complaint do not state facts sufficient to constitute a cause of action against the defendant Farmers Mutual Automobile Insurance Company.

The case came on for trial on November 7, 1949, before Honorable John C. Pollock, District Judge, and a jury. Before examination of the jurors on voir dire, the insurance company moved to dismiss the case against it on the ground that the amended complaint does not state a cause of action against the defendant Farmers Mutual Automobile Insurance Company. The court granted this motion and ordered the case against the insurance company dismissed without prejudice. The ruling was made in open court and the order of dismissal does not appear to have been reduced to writing and signed by the judge. The trial proceeded against Raymond Burke alone.

After the parties rested, the defendant moved for a directed verdict, which the court granted. He instructed the jury to render the following verdict:

"We, the jury in the above entitled action, find for the defendant and against the plaintiff on all the issues herein, and for a dismissal of the action."

Before the verdict was submitted for the signature of the foreman, attorney for plaintiff called attention to the fact that the action against the insurance company was dismissed. The court then stated:

"The court: The case is now entitled 'Norval Berg, plaintiff, against Raymond Burke, defendant.'

"Mr. Bangs: I just didn't want any misunderstanding as to what we were doing now.

"The court: If there is any question about it, this verdict will be entered without regard to the other defendant which was eliminated from the action on the motion."

The next step appears to have been made on November 23, 1949, when the court directed the entry of the following order for judgment entitled "Norval Berg, Plaintiff, v. Raymond Burke, Defendant:"

"The above entitled action having come on for trial the 7th day of November, 1949, in the City and County of Grand Forks, State of North Dakota, at the adjourned term, plaintiff appearing in person and by his attorneys, Charles Lyche, and Phillip R. Bangs; defendant appearing in person and by his attorney,

Arthur W. Stokes. The jury was duly sworn to try the case. Testimony was introduced by the plaintiff in support of the allegations of his complaint and by the defendant in support of his defense. Thereafter both parties having rested, the attorney for the defendant moved the Court to instruct the jury to return a verdict in favor of the defendant for a dismissal of plaintiff's cause of action, which motion was granted and the jury returned a verdict in favor of the defendant for dismissal of plaintiff's cause of action which verdict was received and duly recorded.

"Now, therefore, on motion of Arthur W. Stokes, attorney for the defendant herein, and upon all the files, records, papers and exhibits in said action including the aforesaid verdict, it is hereby ordered that the defendant have judgment against the plaintiff for a dismissal of plaintiff's cause of action, together with costs and disbursements in this action, and the clerk of the District Court is hereby ordered and directed to enter judgment herein in favor of the defendant and against the plaintiff in compliance with said verdict and this order."

Judgment was entered under the same title pursuant to this order. In May, 1950, the plaintiff made a motion for judgment notwithstanding the verdict or in the alternative for a new trial, which was denied by order of the court dated June 5, 1950. No judgment was entered upon the order of the trial court dismissing the action as to the insurance company without prejudice. The notice of appeal, which brings the matter to this court, recites that:

". . . Norval Berg, hereby appeals to the Supreme Court of North Dakota, from the Judgment entered in this action on the 15th day of December, A.D. 1949, in favor of the defendants and against the plaintiff herein; and also appeals from the Order Denying Motion for Judgment Notwithstanding the Verdict or in the Alternative for a New Trial, entered on the 5th day of June, A.D. 1950, . . . ."

In the title to the motion and the notice of appeal the insurance company appears as a defendant.

It is clear that the judgment appealed from pertains only to the action between Norval Berg and Raymond Burke. It in no

way involves the insurance company. The action against it was dismissed without prejudice before the trial proper began. (See Section 28–0801 RCND 1943.) The appeal from the judgment that was entered in this case does not present for review the question of the correctness of the trial court's action in dismissing the case against the insurance company.

In his motion for judgment notwithstanding the verdict or in the alternative for a new trial, the plaintiff specifies as one of the grounds that dismissal of the action against the insurance company was error. But under the state of this record, the action of the trial court thus attempted to be challenged was not a proper ground for a motion for a new trial. There was no trial between the plaintiff and the insurance company; and, as we have pointed out, plaintiff's counsel was careful to emphasize that point at the time the motion for directed verdict was made.

"A new trial is a reexamination of an issue of fact in the same court, after a trial and decision by a jury or court or by a referee." Sec 28–1901, RCND 1943.

In this case there has never been an examination of an issue of fact between the plaintiff and the insurance company. The only questions before this court for review are those arising from the direction of the verdict against the plaintiff and for the defendant, Raymond Burke, for a dismissal of the action.

The plaintiff introduced in evidence the judgment roll of the Minnesota Court, which includes the pleadings, proof of service, findings of fact, conclusions of law, and order for judgment, and the judgment. Judgment by default was rendered against Wallace Cheney and Raymond Burke. It appears on the face of this record that service was attempted to be procured pursuant to the provisions of Sections 170.54 and 170.55, Minnesota Statutes 1945. The latter section in part provides that the use and operation by a nonresident or his agent of a motor vehicle upon the highways of the State of Minnesota shall be deemed an appointment of the Commissioner of Highways to be his attorney upon whom may be served all legal process in an action or proceeding against the nonresident growing out of such use or

occupation of a motor vehicle over the highways which results in damages or loss to person or property.

"Service of such process shall be made by serving a copy thereof upon the commissioner or by filing such copy in his office, together with payment of a fee of $2.00 and such service shall be sufficient service upon the said non-resident; provided, that notice of such service and a copy of the process are within ten days thereafter sent by mail by the plaintiff to the defendant at his last known address and that the plaintiff's affidavit of compliance with the provisions of this chapter is attached to the summons."

The judgment roll in the Minnesota court shows on its face that compliance was had with this statute. It appears that the summons and complaint were served upon the state highway commissioner on April 21, 1947, and that on the 25th day of April, 1947, H. H. Matt, attorney for plaintiff, sent copies of the summons and complaint and a notice and affidavit of compliance by registered mail to Raymond Burke, addressed to him at 30 Euclid Avenue, Grand Forks, North Dakota. This is shown by the affidavit of Mr. Matt supported by the receipt for registered article issued by the East Grand Forks post office. The record also contains the usual "return receipt" with delivery restricted to the addressee only and signed "Raymond Burke," April 25, 1947.

The defendant, Raymond Burke, testified that he had never lived at 30 Euclid Avenue, Grand Forks, North Dakota; that the signature on the return receipt was not his; and that he never received a copy of the summons and complaint in the action. He also testified on cross-examination that he had met a T. Raymond Burke, who worked in the post office at Grand Forks. He stated that he knew that his car was involved in the accident in question, but that he did not know that an action had been started against him in Minnesota.

The basis upon which the defendant urged that a verdict for the defendant be directed was that the undisputed testimony showed that the defendant never lived at 30 Euclid Avenue, the address to which process was mailed, and therefore it never

could have been his last known address; and that there was no compliance with Section 170.55, Minnesota Statutes 1945. The plaintiff, on the other hand, takes the position that even though it be conceded that the process was misdirected as to street address, the defendant did in fact receive it, which indicates a compliance with the statute that conferred jurisdiction upon the Minnesota court to render judgment against the defendant Burke. Upon this premise, the plaintiff urges that whether the defendant in fact received the process was a question for the jury, and that therefore the court committed prejudicial error in directing a verdict for the defendant.

The Minnesota statute in question provides a procedure that is intended to give the Minnesota courts jurisdiction over a nonresident. Similar statutes have been challenged upon the ground that they do not afford the defendant due process of law and considered in Hess v. Pawloski, 274 US 352, 47 Sup Ct 632, 71 Law Ed 1091, and Wuchter v. Pizzutti, 276 US 13, 48 Sup Ct 259, 72 Law Ed 446, 57 ALR 1230. In order to meet the constitutional requirement of due process, it is generally held that such statutes must contain provisions that in themselves indicate that there is a reasonable probability that compliance with the statute will result in actual notice to the defendant. Wuchter v. Pizzutti, supra; Carroll v. Hutchinson, 172 Va 43, 200 SE 644; Sorenson v. Stowers, 251 Wis 398, 29 NW2d 512; Webb Packing Co. v. Harmon, 9 W. W. Harr (Del) 22, 196 Atl 158; Hartley v. Vitiello, 113 Conn 74, 154 Atl 255; State ex rel. Cronkhite v. Belden, 193 Wis 145, 211 NW 916, 57 ALR 1218; and Jones v. Paxton, 27 F2d 364, involving a Minnesota statute containing the same provision with regard to mailing as the one now under consideration.

The defendant would invoke the general rule that statutes such as the one now under consideration are strictly construed and strict compliance therewith is required in order to confer jurisdiction. Blashfield's Cyclopedia of Automobile Law and Practice, Permanent Edition, Section 5914; 5 Am Jur, Automobiles, Section 591. In Schilling v. Odlebak, 177 Minn 90, 224 NW 694, the Minnesota Supreme Court applied this rule to a situation

where the plaintiff mailed the summons and complaint, but failed to include the formal notice required by the statute, and the court said:

"There is no reason to establish or encourage loose practice in a procedure of such importance. Statutes of this character call for full, complete and substantial compliance therewith in order to sustain substituted service. Under less exacting circumstances the record might be a substantial compliance. State v. Klitzke, 46 Minn 343, 49 NW 54. The statutory requirements must have a strict compliance."

In that case the defendant received the summons and complaint, but not the notice which the statute required and prescribed. In this case, for the purpose of determining the question under consideration, we must assume that the defendant did receive the notice, summons, and complaint which the statute prescribed through the United States Post Office, which was the statutory agency for delivery. The envelope in which it was enclosed was addressed to the defendant in the city of his residence, but to an improper street address. As we review the many cases involving decisions under similar statutes, we find that emphasis is laid upon the reasonable probability that the defendant will receive actual notice, and to that end mailing to his last known address is required. By this provision, however, the statute accepts something less favorable to the defendant than actual notice in permitting delivery to the last known address instead of delivery to the defendant personally. The Ohio Supreme Court, in Hendershot v. Ferkel, 144 Ohio St 112, 56 NE2d 205, puts it this way:

"The question here is whether under the provisions of Section 6308-2, General Code, actual notice to the defendant is required. The provision for mailing the copy of summons 'to the last known address' in itself evidences a legislative intent to provide for cases in which notice is not actually delivered to the defendant. Were it intended in every case that notice be actually delivered to a defendant, there would be no necessity for providing that notice should be sent to a particular place, to wit, the 'last known address.'"

In this case if it should appear that the defendant received the notice, summons, and complaint which the statute requires through the United States Post Office addressed to him in the city of his residence, the purpose of the statute has been actually, not constructively, accomplished. The fact that the envelope contained thereon an incorrect street address which did not interfere with the delivery will not defeat that accomplishment. The service is complete and valid. Jurisdiction was thereby conferred upon the Minnesota court.

The final question is whether the court committed prejudicial error by directing a verdict in violation of the provisions of Section 28-1509, 1949 Supp to RCND 1943. The plaintiff introduced in evidence a return receipt of the post office bearing a signature of "Raymond Burke." The defendant denied that it was his signature, that he had signed the receipt or had received the registered mail containing the process in question. On cross-examination he was asked to write his signature three times on a piece of paper, which he did, and the paper was introduced in evidence. The plaintiff also introduced in evidence a written statement of facts regarding the accident on which were two signatures that the defendant testified were his. The defendant's admitted signatures are somewhat similar to the one appearing on the return receipt. Whether they were written by the same person is a question of fact which the jury should have been permitted to determine. Under the evidence presented by this record, it was prejudicial error for the trial court to direct a verdict for the defendant, Raymond Burke, over plaintiff's objection, and it was error for the trial court to later deny plaintiff's motion for a new trial as against Raymond Burke. The trial court's ruling in ordering a dismissal of the action without prejudice against the Farmers Mutual Automobile Insurance Company, not being before us, is unaffected by this decision. Judgment and order appealed from are reversed and a new trial granted.

CHRISTIANSON, GRIMSON and BURKE, JJ., concur. SATHRE, J., did not participate.