Tom **FARRINGTON**, Plaintiff and Appellant,

v.

Jacob **SWENSON** et al., Defendants and Respondents.

**Civ. No. 8879.**

Supreme Court of North Dakota.

Aug. 13, 1973.

Thompson, Lundberg & Nodland, Bismarck, for plaintiff and appellant.

Thomas F. Kelsch, State's Atty., Bismarck, for defendants and respondents.

VOGEL, Judge.

Ricky and Belinda Scherr owned real property in the city of Bismarck prior to 1966. They built a home upon this property and mortgaged it to Miles Homes, a foreign corporation. On April 24, 1969, Miles Homes commenced foreclosure and Burleigh County was named as a party defendant in that proceeding. The County did not answer or appear in any manner in the action, and a judgment was entered against it. The property was sold to Miles Homes and the sheriff's certificate thereafter was assigned to the plaintiff in this action. Upon receipt of a sheriff's deed, the plaintiff presented it to the Register of Deeds for recording, and that officer refused to place the deed on record because of nonpayment of delinquent taxes and assessments on the property.

The plaintiff, asserting that such taxes had been discharged by the foreclosure action, thereafter commenced this action in the nature of a declaratory-judgment proceeding, requesting the trial court to declare and determine the rights of the parties to the action and to declare that the property in question was not subject to any lien for unpaid taxes or special assessments. The plaintiff further demanded that the Register of Deeds and the County Auditor of Burleigh County be directed to release and discharge any liens against the property that might be claimed because of such unpaid taxes and special assesments.

It is conceded, and an examination of the record discloses, that service in the foreclosure proceeding was made or was attempted to be made upon Burleigh County by delivering to and leaving with Kathryn Kern, the County Auditor, a copy of the summons on the 24th day of April 1969.

The action was submitted to the trial court on a stipulation of the above facts. The court ordered, after due consideration, that the judgment which had been entered against Burleigh County in the foreclosure proceeding be modified to void that portion thereof which purported to make the rights of Miles Homes superior to those of Burleigh County insofar as taxes and special assessments are concerned. From the judgment so entered, the plaintiff has appealed to this court.

The plaintiff asserts that if the County desired to seek a modification of the foreclosure judgment in the action in which the County of Burleigh was named as a defendant, which judgment adjudged the plaintiff in that action to have a lien prior and superior to the lien of all the defendants named, including Burleigh County, the County should have brought proceedings to modify the judgment in the foreclosure action and should not have attempted to get such modification by collateral attack in this proceeding.

Generally, a judgment is not subject in a collateral proceeding to all exceptions that might be taken to it on direct attack. 46 Am.Jur.2d Judgments, Sec. 641, p. 797. The presumptions of law in favor of the validity of judgments rendered by courts of competent jurisdiction, and the conclusions of such presumptions, are particularly applicable in a collateral proceeding. The mere fact that a judgment is voidable does not render it subject to collateral attack. A judgment may be attacked only by direct action, and by taking the proper steps to have it set aside or modified by direct attack in the proceedings in which it was rendered. Rule 60, N.D.R.Civ.P. Some courts have held that a judgment may not be collaterally attacked except for lack of jurisdiction of the court which rendered it. Austin v. Austin, 173 Mich. 47, 138 N.W. 237 (1912).

However, any judgment that is null and void for lack of jurisdiction may be collaterally attacked at any time.

A rule of civil procedure or a statute which sets forth the requirements for making service must be strictly complied with, and judgment based on service where the rule or statute has not been complied with is void and may be attacked at any time, either directly or collaterally. Faulkner v. Kirkes, 276 P.2d 264 (Okla.1954).

In the instant case the sheriff's return shows, as stated above, that service on Burleigh County was made in the foreclosure proceeding, in which the judgment against the County was rendered, by serving the County Auditor. Rule 4(d)(2)(E), North Dakota Rules of Civil Procedure, provides the method for making service upon a county, in the following language:

"(E) upon a city, village, township, school district, park district, county, or any other municipal or public corporation, by delivering a copy of the summons to any member of its governing board; . . ."

The governing board of the county is the board of county commissioners. Chap. 11–11, N.D.C.C. The county auditor is not a member of the governing board of the county, but serves as the clerk of the governing board. Sec. 11–13–02, N.D.C.C.

Thus it appears on the face of the record in the foreclosure action that no service was ever made on the County as provided by law. Since no service was made on the County, any judgment which was entered against the County in the action was null and void and subject to collateral attack at any time. Had the County appeared or answered, the jurisdictional defect may have been corrected, but the County did not appear or answer.

The contention of the plaintiff that since service was made by the Sheriff, a county officer, upon the County Auditor, who also is a county officer, and since the County Auditor delivered the summons to the State's Attorney, also a county officer, there was valid service on the County, is without any merit.

For reasons set forth in this opinion, the judgment of the district court appealed from is affirmed.

PER CURIAM.

Most of the foregoing opinion is the work of STRUTZ, C. J., deceased, with additions by VOGEL, J., to whom it is formally attributed because of inclusion of language not originating with Chief Justice STRUTZ.

ERICKSTAD, C. J., and KNUDSON, TEIGEN and PAULSON, JJ., concur.