Jerome N. NISSEN, Plaintiff and Appellant,

v.

CITY OF FARGO, a municipality, Defendant and Appellee.

Civ. No. 10408.

Supreme Court of North Dakota.

Oct. 3, 1983.

---

* Justice WM. L. PAULSON served as a Surrogate Justice for this case pursuant to Section

27–17–03, N.D.C.C.

DeLayne G. Nassif, Fargo, for plaintiff and appellant.

Wayne O. Solberg, of Solberg, Stewart, Boulger & Miller, Fargo, for defendant and appellee.

VANDE WALLE, Justice.

Jerome Nissen appealed from an order and from a judgment: In the order the district court dismissed Nissen's action for review of special assessments because of improper service; in the summary judgment the district court dismissed Nissen's action because his service of process was untimely. We affirm.

On September 14, 1981, the Fargo Board of City Commissioners approved the special assessments for a sewer-separation project that benefited plaintiff Nissen's property. One month later Nissen appealed to the district court, seeking review of the Board's approval of assessments. Upon stipulation of Nissen and the City of Fargo, the trial court dismissed the action without prejudice.

On March 15, 1982, six months and one day after the Board's approval of the assessments, Nissen left a copy of the summons, complaint, and order to show cause with the city auditor. After the city auditor received these papers from Nissen, the attorney for the City, on March 16, 1982, wrote Nissen a letter informing him that the city auditor is not authorized to accept service of process for the Board of City Commissioners.

On March 19, 1982, Nissen attempted to serve the Board of Commissioners by leaving a summons, complaint, and an application for a restraining order with the secretary for the Board of City Commissioners. At the time of delivery, no commissioner was in the office.

On March 25, 1982, at a hearing on Nissen's application for a restraining order, the trial court determined that Nissen's service of the city auditor and of the secretary was ineffective as service upon the Board of Commissioners. The trial court issued its written order denying the application for a restraining order on March 31, 1982, and Nissen received a copy of the order the next day, April 1, 1982.

After the hearing concluded on March 25, 1982, Nissen served the papers that very afternoon upon a member of the Board of Commissioners. Nissen again sought review by the trial court of the special assessments. On December 29, 1982, the trial court entered a judgment against Nissen, finding that Nissen's service upon the Board of Commissioners on March 25, 1982, was not within the six-month statute of limitation as provided for in Section 40–26–07, N.D.C.C.

On appeal Nissen contends that the trial court erred by finding service ineffective and untimely. He also maintains that the March 16, 1982, letter from the city attorney constituted waiver of the six-month statute of limitation. The defendant City

of Fargo contends that the appeal is frivolous and seeks costs and attorney fees pursuant to Rule 38, N.D.R.App.P.

Section 40–26–07, N.D.C.C., provides in part that no action to prevent or restrain the collection of any special assessment "shall be maintained unless it is commenced within six months after the special assessment is approved."

Nissen admits that the six-month period for appeal of special assessments, as specified in Section 40–26–07, began on September 14, 1981.

Rule 4(d)(2)(E), N.D.R.Civ.P., states in part that "[p]ersonal service of process within the state must be made . . . upon a city . . . by delivering a copy of the summons to any member of its governing board." Section 40–09–01 describes the members of a board of city commissioners. It states that the governing body of a city operating under the commission system is the board of city commissioners composed of the president and four city commissioners. The statute does not list the city auditor as a member of the governing board.

■ This court discussed the issue of service of process in *Farrington v. Swenson,* 210 N.W.2d 82 (N.D.1973). In *Farrington* we held that service upon a county auditor did not constitute service upon the county. We based our decision upon Section 11–13–02(1), N.D.C.C., which states that the county auditor acts as clerk of the board of county commissioners, and on Rule 4(d)(2)(E), N.D.R.Civ.P., which states that service upon the county must be made upon any member of its governing board. Because there is no fundamental difference between a county auditor as in *Farrington* and a city auditor as in the present case, Nissen's service of process on March 15, 1983, upon the city auditor did not constitute service upon the Board of City Commissioners.

■ The trial court therefore correctly concluded that Nissen failed to properly serve the Board of City Commissioners on March 15, 1982. It is apparent that the attempted service on March 19, 1982, was beyond the time in which the action could be commenced pursuant to Section 40–26–07, N.D.C.C.

Nissen also appealed from the district court's granting of summary judgment against him on December 29, 1982. The district court dismissed Nissen's action for review of the special assessments because Nissen's service upon the Board of City Commissioners on March 25, 1982, was untimely. As previously discussed, Section 40–26–07, N.D.C.C., provides that a person has six months to petition for review of special assessments. Section 1–02–15, N.D.C.C., prescribes the method for computing a period of months. The period began on the date of approval of assessment, as specified by Section 40–26–07, and concluded six months later, as computed under Section 1–02–15.

■ This court has previously upheld the validity of the six-month period. See, e.g., *McKone v. City of Fargo,* 24 N.D. 53, 138 N.W. 967 (1912). Because there are no allegations in the complaint that the special-assessment committee was guilty of fraud, this court need not consider extending the period of the statute of limitation. See *Ellison v. City of LaMoure,* 30 N.D. 43, 151 N.W. 988 (1915). We therefore affirm the trial court's finding that Nissen failed to bring his action for review of the assessments within the six-month period.

In the alternative, Nissen argues that he did not have to serve the Board of City Commissioners within six months as provided for in Section 40–26–07. Nissen claims that because the city attorney wrote him a letter on March 16, 1982, notifying him that serving the city auditor was ineffective service of process, the City waived its right to the benefit of the six-month limitation as provided for in Section 40–26–07. Because Nissen raises this issue for the first time on appeal, this court will not examine the issue. *Hirschkorn v. Severson,* 319 N.W.2d 475 (N.D.1982); *Allen v. Kleven,* 306 N.W.2d 629 (N.D.1981); *Moran v. Moran,* 200 N.W.2d 263 (N.D.1972).

The City of Fargo contends that the appeal is frivolous and seeks expenses pursuant to Rule 38, N.D.R.App.P. Our affirmance of the trial court's decision does not, of course, necessarily signify that the appeal is frivolous. Rule 38, N.D.R.App.P., states: "If the court determines that an appeal is frivolous, ... it may award just damages and single or double costs including reasonable attorney's fees." An appeal is frivolous when it is flagrantly groundless. *Freitag v. Freitag,* 318 N.W.2d 760 (N.D. 1982); *In re Estate of Marius Honerud,* 326 N.W.2d 95 (N.D.1982); *Bellon v. Bellon,* 237 N.W.2d 163 (N.D.1976). We do not find the appeal to be so flagrantly groundless as to cause us to assess costs and attorney fees against Nissen.

Judgment affirmed.

ERICKSTAD, C.J., SAND and PEDERSON, JJ., and PAULSON,* Surrogate Justice, concur.

---

* Justice WM. L. PAULSON, served as a Surrogate Justice for this case pursuant to Section

27–17–03, N.D.C.C.