STATE of North Dakota ex rel. Richard L. RAYL, Director of the Office of Management and Budget, Plaintiff and Appellant,

v.

HETTINGER COUNTY, a political subdivision, Defendant,

and

Adams County, a political subdivision, Defendant and Appellee.

Civ. No. 900350.

Supreme Court of North Dakota.

March 19, 1991.

a loan, it will be so considered without regard to its form." 9 Cal.Jur.3d, *Banks and Other Financial Institution,* § 167 (1974).

T.L. Secrest, Sp. Asst. State's Atty., Hettinger, for defendant and appellee.

William G. Peterson, Asst. Atty. Gen., Bismarck, for plaintiff and appellant.

VANDE WALLE, Justice.

The State of North Dakota has appealed from a judgment entered in the District Court for Hettinger County dismissing its action against Adams County for money damages. We affirm the judgment of dismissal.

■ The State initiated this action in district court to collect money which it alleged was improperly retained from the State by Adams County. During the years 1985 to 1987, Adams County collected and retained $1,540 from six DUI violations and three bond forfeitures. In each of these cases, the Adams County Court assessed costs against the violator but did not impose fines despite a statutorily mandated fine for the violations.[1] The State alleged that the money collected was improperly designated as costs rather than fines and should have been paid into the state treasury for the benefit of the State School Fund.[2]

The district court, sua sponte, ordered the State's complaint dismissed. The court determined that this action was actually an appeal from the county court proceedings, wherein the costs were assessed, to "correct" the alleged improper designation as costs rather than fines. The district court held that it had no appellate jurisdiction over the county court in such matters and that the time for any appeal had long since expired. It therefore dismissed the complaint.

On appeal, the State contends that the district court misconstrued the nature of this action. The State asserts that this action was not brought to correct the county court judgment, but rather was simply an original action "to obtain a money judg-

1. Five of the six DUI cases involved first convictions which carry a mandatory fine of $250. NDCC § 39–08–01(4)(a). The sixth DUI case involved a third conviction which carries a mandatory fine of $1,000. NDCC § 39–08–01(4)(c). Two of the bond forfeitures involved the use of an unplugged shotgun, a class 2 noncriminal offense, in violation of section 20.1–04–10 and required a mandatory fee of $25. NDCC § 20.1–01–30. The third bond forfeiture involved exhibition driving which at the time required a mandatory fee of $40. NDCC § 39–08–03.1. In 1987 this section was amended to require a mandatory fee of $50.00.

1987 N.D. Laws ch. 471 § 1. Although the amount of mandatory fees and fines totalled $2,340, the State requested from Adams County $1,540.

2. The North Dakota Constitution established a fund to be used for the support of the common schools in this State. N.D. Const. art IX, § 1. The net proceeds from all fines for violation of State laws are to be applied to the tuition fund to benefit the common schools. N.D. Const. art. IX, § 2; NDCC § 15–44–01.

ment for funds retained by Adams County which should have been paid to the State School fund." Therefore, the State rationalizes, the district court has original jurisdiction pursuant to North Dakota Constitution Art. VI, § 8.[3]

In order to prevail in this action, the State must establish a legal right to recover $1,540 from Adams County. *See* NDCC § 32–01–11. To establish this right, the State must either have the county court judgments amended to include fines and collect such fines pursuant to statute or establish a right to such money collected by Adams County notwithstanding the county court's designation of costs under the judgments.

■ Any attempt to impeach a judgment by matters which are foreign to the record in an independent action is a collateral attack on that judgment. *Hamilton v. Hamilton,* 410 N.W.2d 508 (N.D.1987). Judgments rendered by courts of competent jurisdiction are presumed valid. *Farrington v. Swenson,* 210 N.W.2d 82 (N.D. 1973). If the attack is not based on jurisdiction, but rather on mistake, it cannot be litigated collaterally. *Olson v. Cass County,* 253 N.W.2d 179 (N.D.1977); *see also Manikowske v. Manikowske,* 136 N.W.2d 465 (N.D.1965) [a mistake made by a county court in a matter over which it has exclusive jurisdiction cannot be corrected in a collateral action in the district court].

The State does not contest the county court's jurisdiction over the DUI proceedings nor the bond forfeitures. Therefore, the State is barred from collaterally attacking the county court judgments in an attempt to "correct" the alleged improper designation as costs rather than fines. Because the State cannot collaterally attack the judgments, any right in the money

sought must be established independent of the judgments.

■ While the State insists it is not attempting to correct the county court judgments, it did not plead a right to the money independent of the judgments, nor has it alerted this Court to any authority which would give the State a right to money collected from the statutory violators which was not designated as fines. There is no statutory authority which gives the State the right, upon conviction, to collect from the county an amount of money equivalent to the amount of the statutorily mandated fine. The State could not demand payment from a county for an imposed fine which could not be collected from a statutory violator. *See* NDCC § 29–27–02.1. ["All statutory ... fines ... prescribed for a violation of state laws, *when collected,* shall be paid into the treasury of the proper county to be added to the state school fund." (Emphasis added.)] Our law gives the State the right to money collected as fines and the county treasurer has an obligation to promptly remit such money, section 54–27–02, NDCC, but there is no statutory authority for the collection of money from a county when the county court has not imposed a mandatory fine.[4] The State, therefore, has not established any legal right in the money collected by Adams County.

For reasons stated herein, the judgment of dismissal is affirmed.

ERICKSTAD, C.J., and LEVINE, MESCHKE and GIERKE, JJ., concur.

---

3. Article VI, § 8 provides:

"The district court shall have original jurisdiction of all causes, except as otherwise provided by law, and such appellate jurisdiction as may be provided by law or by rule of the supreme court. The district court shall have authority to issue such writs as are necessary to the proper exercise of its jurisdiction."

4. This Court, however, does have the authority to issue writs of mandamus to inferior tribunals to compel performance of duty and the right to exercise supervisory control over recalcitrant judges. *See* N.D. Const. art. VI, § 2; NDCC § 32–34–01.