Kevin John **MESSMER**, Plaintiff and Appellant,

v.

John Charles **OLSTAD**, Defendant and Appellee.

Civ. No. 940302.

Supreme Court of North Dakota.

April 13, 1995.

Jon J. Jensen of Pearson, Christensen, Larivee and Fischer, Grand Forks, for plaintiff and appellant.

No appearance for defendant and appellee.

LEVINE, Justice.

Kevin J. Messmer appeals from a district court order denying his motion to vacate an order dismissing without prejudice his action against John Charles Olstad for failure to prosecute. We affirm.

Messmer, a North Dakota resident, and Olstad, a Minnesota resident, were involved in a collision on December 22, 1983, in Grand Forks. Messmer instituted this negligence action on December 29, 1989. Unable to locate Olstad to serve him personally, Messmer's attorney served a copy of the summons and complaint on the North Dakota Highway Commissioner (Commissioner) and argued that he mailed a copy of the summons, complaint, and affidavit of service upon the Commissioner by certified mail to Olstad at his

last-known address in Alexandria, Minnesota. *See* NDCC § 39–01–12, *infra.* The envelope was returned to Messmer marked "forward expired."

No further action was taken in this case until October 15, 1991, when the district court gave notice of its intention to dismiss the action without prejudice, under Rule 40(e) of the North Dakota Rules of Civil Procedure, for failure to prosecute, unless the parties requested it do otherwise. Messmer's counsel received the court's letter on October 17, 1991. That same day, he mailed a letter on behalf of Messmer to the district court, requesting it not to dismiss because of a statute of limitations problem. Apparently, the district court never received Messmer's letter and, consequently, dismissed the action without prejudice on November 12, 1991.

Although the order of dismissal was filed, there is no indication in the record that Messmer was ever sent notice of entry of the dismissal order. Messmer's counsel first discovered that the case had been dismissed on June 2, 1994, during a review of Messmer's court file. Counsel immediately filed this motion to vacate the order of dismissal, under Rule 60(b)(i), NDRCivP, alleging that the case had been dismissed inadvertently or mistakenly.

The district court held a hearing on Messmer's motion to vacate the order of dismissal. Messmer's attorney attempted to explain the mistake or inadvertence of the dismissal. He submitted an affidavit to the court and explained orally, at the hearing, that he received the district court's notice of its intention to dismiss on October 17, 1991, and submitted a copy of the letter he sent to the district court, requesting that the action not be dismissed. He further explained that he had not received notice of the November 12, 1991, order of dismissal and that the order first came to his attention on June 2, 1994, during a review of Messmer's file.

During the hearing, the district court raised the issue of whether original service on Olstad had been effected. The district court was concerned that Messmer had not provided the court with proof of service by mail upon Olstad in Minnesota as required under NDCC § 39–01–12. Subsequent to the hearing, Messmer's attorney provided the court with a photocopy of a certified envelope addressed to Olstad's last-known address and marked "forward expired."

The district court denied Messmer's motion to vacate and issued a memorandum opinion. The district court found that although inadvertence had likely occurred, in that it never received, nor considered, Messmer's letter requesting that the action not be dismissed, Messmer had failed to establish that Olstad had been originally served with notice of the action. The district court noted that Messmer had failed to submit an affidavit of mailing or other proof of service and concluded that, without proof of service, it could not exercise personal jurisdiction over Olstad.

Messmer moved for reconsideration of the order and attempted to establish proof of mailing by providing the court with the original certified mail envelope containing copies of the summons, complaint, and proof of service on the Commissioner, addressed to Olstad's last known address, and stamped "forward expired." The district court considered the motion on briefs only and issued a second order and memorandum opinion, confirming its previous order denying Messmer's motion to vacate. The court reasoned that the returned envelope and its contents only proved that Olstad had never received actual notice of the lawsuit. The district court concluded that without either actual delivery of service or proof of mailing sufficient to show constructive notice, the court had no personal jurisdiction over Olstad under either Rule 4, NDRCivP, or NDCC § 39–01–12.

Messmer appeals, arguing that the district court abused its discretion by requiring him to prove actual delivery of service to Olstad and for refusing to vacate the dismissal order. We disagree.

■ Messmer misapprehends the substance of the district court's two memorandum opinions. In its first opinion, the district court found that Messmer had failed to provide proof of service on Olstad. We believe the district court was correct in this regard.

Rule 4(d)(4), NDRCivP, directs whenever a statute provides for service of a summons upon a party not an inhabitant or found within the state, "service must be made under the circumstances and in the manner prescribed by the statute ... or in any manner permitted by these rules and not precluded by the statute...."

Section 39–01–12, NDCC, permits service upon nonresident motor vehicle users in the following manner:

"Within ten days after service of summons as provided in section 39–01–11,[1] notice of such service together with a copy of the summons and complaint in the action must be sent by the plaintiff to the defendant at his last known address by registered or certified mail with return receipt requested, and proof of such mailing must be attached to the summons."

Section 39–01–12, NDCC, requires that a copy of the summons and complaint, and proof of service on the Commissioner, be sent to the "last known address" of the defendant by registered or certified mail. It also requires that plaintiff attach proof of that mailing to the summons. NDCC § 39–01–12.

Although NDCC § 39–01–12 does not define what the "proof of mailing" should entail, when words or phrases are not defined by our statutes, we may rely on their meaning in the North Dakota Rules of Civil Procedure. *State v. Wolff*, 512 N.W.2d 670 (N.D. 1994); *Sande v. State*, 440 N.W.2d 264 (N.D. 1989). Rule 4, NDRCivP, defines "proof of service" by mail in the following manner:

"(h) Proof of service of the summons and of the complaint or notice, if any, accompanying the same or of other process, must be made as follows:

(4) in any case of service by mailing resulting in delivery in accordance with paragraph (2) or (3) of subdivision (d) of this rule, by an affidavit of the mailing of a copy of the summons and complaint or other process, with return receipt attached;

.     .     .     .     .

"(j) *Content of Affidavit of Mailing.* An affidavit of mailing required by this rule must state that a copy of the process, pleading, order of court, or other paper to be served was deposited by the affiant, with postage prepaid, in the United States mail and directed to the party shown in the affidavit to be served at the party's last reasonably ascertainable post office address, showing the date and place of depositing and that the affiant is of legal age and having attached thereto the return receipt, if any."

*See* NDRCivP 5(f) [permitting proof of service by attorney's certificate for documents subsequent to original complaint]. Messmer submitted no affidavit of mailing showing that he deposited in the mail, with postage prepaid, a copy of the summons and complaint and proof of service upon the Commissioner, as required by section 39–01–12. Rather, following his motion to vacate the order of dismissal, Messmer submitted only a photocopy of an envelope as proof of mailing. When he submitted his motion to reconsider, he attached the original envelope, its contents, and an affidavit verifying the contents of the returned envelope. These papers, without an affidavit complying with the requirements of Rule 4(j), do not constitute

1. Section 39–01–11, NDCC, says:
"The use and operation by a resident of this state or his agent, or by a nonresident or his agent, of a motor vehicle upon or over the highways of this state must be deemed an appointment by such resident when he has been absent from this state continuously for six months or more following an accident or by such nonresident at any time, of the highway commissioner of this state to be his true and lawful attorney upon whom may be served all legal process in any action or proceeding against him growing out of the use or operation of the motor vehicle resulting in damages or loss to person or property, whether the damage or loss occurs upon a public highway or upon public or private property, and such use or operation constitutes an agreement that any such process in any action against him which is so served has the same legal force and effect as it served upon him personally, or, in case of his death, that such process has the same legal force and effect as if served upon the administrator of his estate. Service of the summons in such case may be made by delivering a copy thereof to the commissioner together with a fee of ten dollars."

proof of mailing as contemplated by the statute.

In Messmer's motion to reconsider, he attempted to show the district court that he had complied with the mailing requirement of section 39–01–12 by submitting to the court the original certified envelope addressed to Olstad and its contents. However, the district court was not persuaded. It concluded that not only had Messmer failed to provide proof of substituted service on Olstad, but the returned envelope established that service on Olstad had not been completed in accordance with the Rule 4, NDRCivP, requirements either.

When a statute sets out requirements for making service, parties must strictly comply with the provisions authorizing and permitting such service. *Bernhardt v. Dittus,* 265 N.W.2d 684 (N.D.1978); *Farrington v. Swenson,* 210 N.W.2d 82 (N.D. 1973). The objective of substituted service statutes, such as NDCC § 39–01–12, is to provide notice reasonably calculated to apprise interested parties of the pending action and afford them an opportunity to present objections. *Berg v. Burke,* 46 N.W.2d 786 (N.D.1951). *See also Bickel v. Jackson,* 530 N.W.2d 318 (N.D.1995). Strict compliance may be excused if the party can demonstrate that *actual* service has been accomplished. *E.g., Berg,* 46 N.W.2d 786.

In this case, it is undisputed that Olstad has never received actual notice of this action. Because Messmer failed to comply with that portion of section 39–01–12 requiring him to provide proof of mailing to the court, the trial court could not conclude that Olstad received any form of constructive notice "reasonably calculated" to apprise him of this action. The trial court did not abuse its discretion in refusing to vacate its order dismissing this action.

Affirmed.

VANDE WALLE, C.J., and NEUMANN, SANDSTROM and MESCHKE, JJ., concur.